## Ludlow *vs.* McCrea and others.

Covenants are to be construed according to their spirit and intent; and where, from the subject matter of the covenant, it is the evident in‑ tent of the par‑ ties, that they should be taken *distributively,* they may be so taken although there be no ex‑ press words of severalty. An objection to a plea *puis da‑ rien continuance,* that it was not pleaded in proper time, cannot be taken advantage of on de‑ murrer ; it should be on motion to set aside the plea.

ERROR from the Albany mayor's court. McCrea and others brought an action of covenant in the court below against Ludlow, founded on a sealed instrument, bearing date 9th November, 1815, executed by the plaintiffs, the de‑ fendant and ten others, in the words following : " Whereas we the subscribers, being owners and proprietors of lands situate in the patent of Kayaderosseras, have it in contem‑ plation to commence and prosecute sundry actions of eject‑ ment to recover the possession of the said lands, and for that purpose hereby appoint James McCrea, Henry Walton and John S. Beekman, Esquires. Wherefore, we the subscri‑ bers hereby mutually bind ourselves to each other, jointly

and severally, our respective heirs, executors and administrators, to pay each according to his relative respective interest and proportion in the said lands, all costs and charges and expenses which shall or may be incurred in the said actions." After setting out the covenant in the declaration, the plaintiffs averred that the whole quantity of the lands mentioned in the covenant, was 1097 acres; that the defendant's proportion was 262 acres; that in 1816, the plaintiffs commenced four actions of ejectment for the recovery of parcels of the said lands; that in 1819, judgment as in case of nonsuit was rendered in three of the actions; that in the prosecution of the actions, the plaintiffs expended in costs, charges and expenses, $986,-69; and that the proportion and share of that sum to be paid by the defendant, according to the covenant, is $234,49. The defendant, in April term, 1823, plead *non est factum*. In December term, 1825, the cause not having been tried, the defendant put in a plea of *puis darrein continuance*, that on the 6th May, 1823, two of the plaintiffs, by deed, *released* Volkert P. Douw, one of the parties to the instrument of 9th November, 1815, from all liability to the plaintiffs, and from all claims and demands they had against him on the said covenant; averring that the covenant declared on is a joint and several covenant, concluding with a verification, and praying judgment whether the plaintiffs ought further to have and maintain their action, &c. The plaintiffs demurred to the last plea, and assigned for cause, that the release *ought to* have been pleaded on the *day it* bore date. The defendant joined in demurrer, the court below adjudged the plea insufficient, a writ of enquiry was awarded, damages assessed at $275,70, and judgment rendered for the plaintiffs.

*J. S. Van Rensselaer,* for plaintiff in error. An objection to a plea *puis darrein continuance,* that it was not pleaded in proper time, cannot be taken advantage of on demurrer; it should be on motion to set aside the plea. (10 *Johns. R.* 161.)

The covenant in this case was joint, and the release of Douw, one of the covenantors, was the release of all. (4 *Bacon's Abr.* 283. 1 *Ld. Raym.* 690. *Esp. N. P.* 244.)

The parties unite in one instrument, and in the ordinary form of a bond for the payment of money by two or more obligors, they bind themselves jointly and severally to pay. In the construction of a covenant where the terms used are clear and explicit, the court will not give them a construction contrary to the ordinary and received acceptation. Had this covenant not been entered into, and the suit had been commenced and costs incurred, the parties would have been jointly and severally responsible for the whole.

*J. T. B. Van Vechten,* for defendants. Covenants must be construed according to the intent of the parties. The parties here bind themselves to pay each according to his relative and respective interest and proportion, and not that each should become liable for the whole. A covenant, though joint on its face, may operate *distributively* as to the covenantors, and joint as to the covenantee. (1 *Chitty's Pl.* 5. 1 *Saund.* 153. 1 *Johns. C.* 319.)

*By the Court,* SUTHERLAND, J. The defendant in the court below, the plaintiff in error, pleaded *puis darrein continuance,* that two of the plaintiffs, since the last continuance, had executed and delivered under their hand and seal to Volkert P. Douw, one of the covenantors set forth in the plaintiff's declaration, a release and discharge from all liability to the plaintiffs aforesaid on said covenant, and of and from all claims and demands of said plaintiffs arising therefrom. To this plea the plaintiffs demur, and assign as a special cause of demurrer, that it was not put in in time.

This is not an objection to be taken on demurrer; it should be by motion to set aside the plea. (*Morgan & Smith* v. *Dyer,* 10 *Johns. R.* 161.) The only question then is, whether the plea is good in substance. It alleges a formal technical release, under the hands and seals of the plaintiffs, of one of the covenantors. If the covenant is *joint* as well as several, then the plea is good. It is well settled, that a technical release to one of several joint obligors, whether they are bound jointly, or jointly and severally, discharges the others and may be pleaded in bar. (7 *Johns. R.* 207. *Coke's Litt.*

232, a. note 144. 2 Saund. 48, a. 2 Salk. 574. 1 Ld. Raym. 690. 2 Johns. R. 448.)

Covenants are to be construed according to their spirit and intent, and where, from the subject matter of the covenant, it is the evident intent of the parties that they should be taken *distributively*, they may be so taken, although there be no express words of severalty. (*Quackenboss* v. *Lansing*, 6 *Johns. R.* 49. *Ernst* v. *Bartle*, 1 *Johns. C.* 319.)

From the subject matter of the covenant in this case, and its whole phraseology, I am inclined to think it was not the intention of the parties, that they should be jointly bound for each other. The rule by which the proportion that each ought to pay would be ascertained, is given in the covenant. Each is to pay according to his proportion and interest in the bond. There are fifteen covenantors, and the proportion of each must necessarily be small. The covenant is unskilfully drawn; but I think the fair construction of it is, that they mutually engaged to each other, that each would pay to the committee appointed to carry on the contemplated suits, his respective proportion of the costs which might be incurred. If this is so, then the covenant is several only, and the release of one covenantor does not discharge the others, and the judgment of the court below was correct, and must be affirmed.