Parker C. J.
drew up the opinion of the Court. We are not aware °f any sufficient reason for determining that Henry í>r*nce was not a competent witness. He stands as other debtors do, who have assigned their effects to a favored creditor; if his assignment stands, it pays his debt, but leaves him indebted to the party attaching ; if it is avoided, he is still indebted ; it only changes the creditor. His covenant is nothing more than the implied covenant in all transfers of personal property, viz. that it is his to sell;[1] nor is his liability to costs greater or other than in the usual case of transfer of property by failing debtors. There is no direct liability on his part for costs, and his covenant in the indenture cannot make him liable in damages beyond the amount of his debt ; for which he was liable without the covenant, if the property intended to secure it was taken away by a superior legal title.
And in regard to the testimony of Joseph H. Prince relative to declarations of the plaintiff, that the assignor was indebted to him, this seems to have fallen from the witness incidentally, without any fault of the plaintiff or his counsel, and it was considered, in the order in which it was introduced, as part of the res gestee ; as a complaint made to an attorney in the course of business. This may admit of doubt, but if the evidence was not strictly competent, still it was not material, and could have no improper influence with the jury ; for the plaintiff’s proof of his debt, to a certain amount, is perfectly satisfactory, and a verdict ought not to be set aside for a slight slip, when the verdict is clearly right.[2]
The great questions in the case are, what is the legal effect of the assignment of Henry Prince to the plaintiff, and has the plaintiff a right to support this action, under the circumstances proved in the case.
*187 We consider the question made at the trial, of fraud in the assignment, so far as regards the present plaintiff, as settled by the verdict; and rightly settled, so far at least as to deprive us of the power or wish to interfere with it. The only questionable part of the transaction arises from the apparent surplus intended to be secured by the assignment beyond the amount o' the note to the plaintiff; but that was a matter explainable by evidence, and the jury were rightly instructed respecting it.
It being apparent that the assignment, in relation to the intended interest of Hodges in it, was fraudulent and void, it is a question of some nicety, whether it can be upheld in relation to the plaintiff, who did not participate in the fraud. It is insisted, that as the debt to the plaintiff was attempted to be secured in the same instrument as the feigned debt to Hodges, the assignment is void in the whole, so that the plaintiff can claim nothing under it. This must depend upon the nature of the transaction, and of the instrument by which the assignment was made, and the connexion of the parties to whom the property is conveyed.
Without doubt, property may be conveyed in one and the same instrument, to several persons independent of each other, so as to be available for the benefit of one and not of another. In the common case of assignments to trustees for the use of creditors who shall become parties, it has never been supposed, that if one of the parties should by collusion with the debtor sign for a fictitious debt, the conveyance to the others would be defeated. Such a transaction might avoid the release of all the creditors, it being a fraud upon them, but their interest in the property would not be impaired.
The deed of assignment in this case, though made to the plaintiff and Hodges jointly, so as to make them tenants in common of the property assigned, if the deed were valid in the whole, most clearly shows a separate interest in the fund, and in its whole tenor it regards them as separate and not as joint creditors. The property is conveyed to them respectively in proportion to their respective debts, and in a schedule annexed the amount of the debt and the interest of each is specified. Certainly this would have been a good conveyance to the plaintiff, if made to him separately, notwithstanding another similar *188 conveyance had been made to Hodges, which was fraudulent Why then should the conveyance of the plaintiff be defeated, because it is contained in the same instrument ? The deed itself is not void, for against Henry Prince it was valid in favor of both of the assignees. If fraudulent, the property does not pass by it to the prejudice of creditors. There is no reason that we can discern, nor have we discovered any authority, which requires us to pronounce it void in its effect in toto. On the contrary, by analogy to cases somewhat similar we are warranted in pronouncing the conveyance valid in regard to the plaintiff, though void in regard to Hodges.
There are cases where a deed even to one grantee has been held to be void in part and good in part; indeed this is laid down as a principle of the common law, that where one subject of the conveyance is void as being affected by an illegal consideration, another subject of the same deed not so affected is good. Chit. on Contr. 229, [4th Am. ed. 537, 538.]
It is only where the deed is made void by statute, that the contrary principle prevails. But even in the latter case a distinction is recognized between the several subjécts of a deed, some of which are declared void by statute. By Brit. St. 9 Geo. 2, c. 37, conveyances to charitable uses, under certain circumstances, are declared to be null and void to all intents and purposes. Yet in the case of Doe v. Pitcher, 6 Taunt. 369, a conveyance of several parcels of estate,- some of which were to charitable uses and others not, was good and valid to pass the estate of the grantor in those parcels which were not appropriated to the prohibited use.
We also consider this deed of assignment as capable of being construed a several conveyance to each of the grantees, in proportion to his debt; like the case of covenants, which, though drawn in terms which import a joint interest in the covenantees, may be taken distributively if their interest was several, and each may maintain his separate action upon them. This is most distinctly settled in 1 Saund. 153 ; 3 Barn. & Cressw. 254 ; 8 Taunt. 245 ; 1 Wendell, 228. Indeed it is familiar doctrine.[1]
*189 But still the case is not free from all difficulty, for the plaintiff became, by virtue of the assignment, owner of only an undivided portion of the property conveyed ; so that he could not maintain replevin or trespass or trover against the attaching officer, who had a right to attach, as belonging to the debtors, so much of the property as was fraudulently assigned to Hodges, that being still, in regard to the creditors, left in the Princes. Certainly such action could not be maintained, but the plaintiff’s property is not thereby lost to him. The attaching officer could legally sell on execution only the part which belonged to the Princes, and the purchaser would become tenant m common with the plaintiff. Or if the whole were sold, the plaintiff might legally claim his proportional share of the proceeds, if he chose to affirm the sale, giving the officer notice before he paid over.
But we think all difficulty is cured by the disposition of the property agreed to be made by all parties interested in it by attachment, assignment, or otherwise. They are to share the net proceeds according to their legal rights, and the legal right of the plaintiff is the proportion which his debt bears to the interest of Henry Prince in the proceeds of the vessel and cargo

 See Buchnam v. Goddard., 21 Pick. 71; Long on Sales, (Rand’s ed ) 20l ; Mockbee v. Gardner, 2 Har. & Gill, 176 ; Sweet v. Colgate, 20 Johns. R. 203, 204; Vibbard v. Johnson, 19 Johns. R 77; Rew v. Barker, 2 Cowen, 408 But see Chitty on Contr. (4th Am. ed.) 352 to 355, where it is held that no such implied covenant exists. See also Early v. Garrett, 9 Barn. & Cressw. 932.

 See Ellis v. Short, 21 Pick. 144; Buddington v. Shearer, 22 Pick. 427; Hamblett v. Hamblett, 6 N. Hamp. R. 342; Jewett v. Stevens, 6 N. Hamp. R 80; Norris v. Badger, 6 Cowen, 445; Doe v. Tyler, 6 Bingh. 561; M'Lanahan v. Universal Ins. Co. 1 Peters, 183; Wiggin v. Damrell,4 N. Hamp. R. 69

 See Carthrene v. Brown, 3 Leigh, 98; Walker v. Webber, 3 Fairfield, 60, 67; Catlin r. Barnard, 1 Aiken, 9.