## RIGGAN AND OTHERS V. WOLF & BRO.

Decided November 22, 1890.

1.   *Attachment—General finding—Presumption on appeal.*

   Where the circuit judge in the trial of an attachment made a general finding in favor of one of the parties, it will be presumed on appeal that he found all facts that he might have found from the evidence, that were necessary to support such general finding.   [Compare *Hanks v. Andrews, ante,* p. 327.—REP.]

2.   *Mortgage to two persons—May be void as to one and valid as to the other.*

   A fraudulent mortgage executed to two persons to secure separate debts will be void as to a mortgagee who is privy to the fraud and valid as to one who is not privy thereto.

3. *Assignment for creditors—Trustee.*

There can be no assignment for the benefit of creditors without a provision, express or implied, for a trustee, as held in *Fecheimer v. Robertson, ante,* p. 101.

4. *Entirety of mortgage.*

Where a mortgage is executed to secure two or more debts, one of which is paid, or extinguished in any other way, the entire property, and not an undivided interest therein, is held to secure the unpaid or unextinguished debt or debts, unless the terms of the mortgage manifest a different intent.

APPEAL from *Clark* Circuit Court.

R. D. HEARN, Judge.

Wolf & Bro. instituted suit by attachment against Riggan. Senter & Co. and Sidney B. Wood interpleaded, claiming the property attached under a mortgage executed to them jointly by Riggan. The court found the mortgages to the interpleaders to be a fraud upon the rights of the attaching creditors, and ordered that the attachments be sustained and the interplea denied. Interpleaders and defendant have appealed.

*U. M. & G. B. Rose* and *Smoote, McRae & Arnold* for appellants.

Fraud is never presumed, but must be proved. 38 Ark., 419; 4 Ark., 304; 9 Ark., 482; 11 Ark., 279; 18 Ark., 123; 20 Ark., 217; 25 Ark., 225; 45 Ark., 492. It is not sufficient to show fraud on the part of the grantor. In order to vitiate the instrument, it must be proved that the grantee participated in the wrongful intent. 17 Ark., 146; 23 Ark., 258; 30 Ark., 417; 31 Ark., 554; 31 Ark., 666; 32 Ark., 251; 39 Ark., 571; 42 Ark., 525; 46 Ark., 542; 49 Ark., 20; 51 Ark., 56.

There is no evidence that Senter & Co. and Wood bolstered Riggan's credit.

2. It is contended that Wood and Senter & Co. con-

cealed the extent of Riggan's indebtedness to them. A creditor is under no obligation to disclose to another the extent of his claim. The rule *caveat emptor* applies. 75 N. Y., 61; 99 N. Y., 613; 132 U. S., 330. None of the attaching creditors ever asked Senter & Co. or Wood how much Riggan owed them.

3. The evidence clearly shows that Riggan's indebtedness to Wood was not simulated. It is true it is a large one, but all large debts are not fraudulent, nor are they generally so. Nor is there any greater deficit in Riggan's finances, than the ordinary results of a loosely conducted and unsuccessful business will explain.

4. There is no evidence that there was an understanding that Wood and Senter & Co. should be preferred in case of Riggan's failure, nor would such an agreement be fraudulent if it existed. 12 Fed. Rep., 861, and 40 Hun, 499, were overruled in 17 Fed. Rep., 705; 123 U. S., 436; 10 N. E. Rep., 524; 104 N. Y., 297.

5. Senter & Co. were *bona fide* holders of Riggan's note. They took it before maturity as collateral security, and were entitled to protection as *bona fide* holders. 20 How., 343; 100 U. S., 239; 102 U. S., 14; 107 U. S., 161; 110 U. S., 294; 120 U. S., 564. See Tiedeman on Com. Paper, secs. 166-7-8; 2 Rand., Com. Paper, sec. 463; Colebrooke, · Col. Sec., sec. 18 *et seq.;* 42 Ark., 24.

6. If a deed is made to secure two claims, one real and one fictitious, it will be void as to the fraudulent, but valid as to the innocent grantee. Bump., Fr. Conv. (3d ed.) 488; Jones, Ch. Mortg., 336; 39 Ark., 326.

*M. M. Cohn* for appellees.

1. Here was an unlawful combination, to which Senter & Co. contributed by their gross disregard of the duty which devolved upon them (if they did not through Meadows have actual knowledge thereof) to defraud the attaching creditors;

the culminating stage of such combination being the convey-ance virtually for Wood's benefit.

They assisted Riggan in maintaining a false credit, and now claim the proceeds of the entire stock against the injured and deluded creditors. If the right of preference may be exercised as in this case, the law affords ample opportunity for parties to swindle unsuspecting merchants, in disregard of every principle of trade. 12 Fed. Rep., 861-2; 28 Fed., Rep., 788; 40 Hun, 499; L. R. 13 Ch. Div., 245; 11 Wall., 391; 123 U. S., 436, 441; Burrill on Ass. (5th ed.), sec. 181, p. 259; Bigelow, Fraud, vol. 2 (last ed.), 649.

2. If the grantee, who has a valid claim, knows at the time of the execution of the deed that the other claim is fictitious, the deed will be void as to both grantees. Bump., Fr. Conv. (2d ed.), 479; Bump., Fr. Conv. (3d ed.), 488. A grantee is charged with knowledge of that which he could have ascertained by reasonable inquiry. 50 Ark., 314, 320. No conspirator can benefit by the fraud which was contem-plated, even though his acts may have been more in the na-ture of passive than active participation. Bigelow, Fraud (1st ed.), 378; Bigelow, Fraud, vol. 2 (last ed.), 649. This being a proceeding at law in the nature of replevin, wherein Senter & Co. and Wood as joint owners seek to re-cover, we do not see how they can separate their interests. Wells, Replevin, secs. 154, 156.

3. The array of authorities cited by counsel for appel-lants are modified and explained by 50 Ark., 314, 320.

4. Senter & Co. are not *bona fide* holders for value. Tiedeman on Com. Paper, sec. 300; Randolph, Com. Paper, vol. 2, sec. 799; Colebrooke, Col. Sec., sec. 160 *et seq.;* Rand., Com. Paper, vol. 3, sec. 1884; Bump., Fr. Conv., vol. 2, p. 483; Bump.; Fr. Conv. (3d ed.), p. 493; Jones, R. E. Mortg., vol. 1 (2d ed.), sec. 458; Bigelow, Fraud (1st ed.), 309, 310; Pom., Eq. Jur., vol. 2, sec. 749; Wait, Fr. Conv., sec. 223; 2 Am. Lead. Cas. (5th ed.), 219 and

notes; 120 U. S., 556, 565-6-9. The rule is supported by the courts of last resort of fifteen States. Colebrooke, Col. Sec., sec. 23.

5. The transactions of November 29, 1888, constitute an assignment. Burrill, Ass. (3d ed.), 6; 52 Ark., 30; 31 Ark., 437; 8 Iowa, 96; 52 Ark., 48; 1 Fed. Rep., 768.

*W. S. McCain* and *J. H. Crawford* for appellees.

1. The finding of the court below is entitled to the same weight as the verdict of a jury. 38 Ark., 144; 31 Ark., 479; 45 Ark., 41; 13 S. W. Rep., 723.

2. If Wood was a secret partner, or if Riggan was conducting the business in his name for and in behalf of Wood, the mortgage was confessedly fraudulent so far as Wood was concerned. This may be a question of fact, but the fraud may be proved by circumstances as well as by direct proof. 17 W. Va., 763; 30 Ark., 421; 31 Ark., 672.

But it is argued that though fraudulent as to Wood, it is valid as to Senter & Co. But their agent, Meadows, knew all the facts. They cannot enjoy the fruits without assuming the responsibility of his conduct. 28 Ark., 59; 29 Ark., 99.

It may be conceded that where a creditor takes a mortgage merely for the purpose of securing an honest debt, he need not concern himself about the motives of the mortgagor. The law allows the debtor to prefer, and although the effect of the mortgage is to delay other creditors, and even if this delay is the object of the mortgagor, still the mortgage is good if the creditor have no other purpose than that of securing his debt. But the creditor must look solely after his own interest. And the moment he deviates for the purpose of serving the mortgagor and aiding him by means of his mortgage to thwart other creditors and to shelter his property for the ulterior benefit of the mortgagor, this is fatal to the instrument. 53 Wis., 492; 34 N. J. Eq., 181; 39 N. H.,

557; 66 Mich., 501; Boone on Mortg., secs. 83, 281; Jones on Mortg., 627.

3.  There is only one exception, and that is in favor of "innocent subsequent purchasers." Dig., secs. 3374-5. This phrase has a technical, well understood meaning.   120 U. S., 556; 34 Mich., 360. The mortgage was made to secure a pre-existing debt.   This, with the fact of a fraudulent intent on the part of the mortgagor, is sufficient to defeat it.   51 Ark., 60; 27 Ark., 557; 31 Ark., 85.

4.  A mortgage given to secure two debts, one of which is valid and the other fictitious or fraudulent, is tainted with fraud throughout.   35 Ark., 217; Boone on Mortg., 83; Bump., Fr. Conv., 488; 8 Gratt., 148; 8 Cal., 118.

5.  The instruments constitute an assignment.   52 Ark., 30; 52 Ark., 48; 37 Ark., 150.

1. General finding in attachment—Presumption on appeal.

HEMINGWAY, J.   As the finding of the circuit judge against the appellants, Riggan & Wood, was general, we must presume that he found all facts that he might have found from the evidence, that were necessary to support the general finding.   The evidence is sufficient to sustain the finding that the indebtedness from Riggan to Wood was fictitious, or that Wood was interested in the business conducted by Riggan; and, if either had been specially found, we could not disturb it.   Upon either state of fact, the execution of the mortgage to Wood would have been a fraud on the creditors of Riggan.   It follows that the judgment against Riggan sustaining the attachment and the judgment against Wood on the interplea will be affirmed.

The account of Senter & Co. against Riggan was for advances made by them to him; there is nothing in the evidence that casts the shadow of suspicion upon the good faith and validity of that claim.   The note secured to them by the mortgage was executed by Riggan to Wood, and by Wood endorsed to them before maturity.   They took it as collateral

security for a debt due them by Wood and for advances thereafter to be made by them to Wood and to Riggan and Wood's brother upon Wood's guaranty. They made advances in accordance with the agreement, and hold the note accordingly.

Whether the court below found the fraud to be that the note was for a simulated indebtedness, or that Wood was interested in the business of Riggan, there is no proof that Senter & Co. knew or ought to have known either fact up to the time that the mortgage was executed. It is contended that, if they were ignorant of the facts constituting the fraud, their agent Meadows knew the facts. The evidence does not sustain this contention. He knew that Riggan owed a large sum of money, more than he would probably be able to pay; but knowledge of a large indebtedness is not knowledge that it is fraudulent, and a creditor may in good faith accept paper as collateral, which he believes the maker will be unable to pay in full. As Senter & Co. acquired the note in good faith before maturity, as security for an existing debt and for advances thereafter made, and now so hold it, it follows that it is a valid demand in their favor which they may collect or secure as though it were untainted by fraud in its execution.

Again it is contended that, inasmuch as the mortgage was executed to secure an indebtedness to Senter & Co. and another to Wood, and was as to the latter fraudulent, that the taint of fraud affects and vitiates the entire instrument and defeats the claim of Senter & Co. based thereon. Such is not the rule as to mortgagees who have a valid claim and are ignorant of the fraud of the other mortgagee. Bump., Fr. Conv., p. 488; Jones, Chat. Mort., sec. 336; *Prince v. Shepard*, 26 Mass., 176; *Anderson v. Hooks*, 9 Ala., 704; *Smith v. Post*, 1 Hun, 516; *Lewis v. Caperton*, 8 Gratt., 148; *Troustine v. Lask*, 4 Baxter, 162.

It is also contended that, inasmuch as the mortgage was

2. A mortgage to two persons may be void as to one and valid as to the other.

executed to secure a pre-existing indebtedness, it would not operate as a purchase to defeat existing equities, but could be avoided for fraud of the mortgagor in which the mortgagee did not participate. The appellees had no existing equities; the principle is therefore inapplicable. They acquired their interest in the property after the execution of the mortgage, and that they cannot defeat the claim of the mortgagee for fraud in which he did not participate, is settled law in this State. *Hill v. Shrygley*, 51 Ark., 56.

3. Assignment for creditors —Trustee.

"There was no agreement for the intervention of a trustee, nor were either of the mortgagees answerable for the proceeds of sale to any one except the mortgagor." The transaction was neither in form nor substance an assignment. *Fecheimer v. Robertson, ante,* p. 101.

4. Entirety of mortgage.

When a mortgage is executed to secure two or more debts, one of which is paid or extinguished in any other way, the entire property, and not an undivided interest therein, is held to secure the unpaid or unextinguished debt, unless the terms of the mortgage manifest a different intent. There is nothing in the mortgage in suit, which has been called to our attention, to make it an exception to the general rule.

As there is no evidence to prove that Senter & Co. were guilty of, or participated in, any fraud upon the creditors of Riggan, or that they knew, or had notice of, the fraudulent character of the dealings between Riggan and Wood, the judgment against them upon their interplea will be reversed, and the cause remanded for a new trial thereon.