## WILLIAM L. DUNCAN *v.* SAMUEL M'NEILL & CO.

1. PROMISSORY NOTE: INDORSER'S ACTION AGAINST.—An indorser of a promissory note cannot object, that a subsequent indorser is not sued jointly with him, in an action on the note.

2. ABATEMENT.—A plea in bar of the action filed before any disposition is made of a demurrer to a plea in abatement, is a waiver of the abatable matter so pleaded.

3. PROMISSORY NOTE : MAKERS AND INDORSERS : ACTION MAY BE DISMISSED AS TO NON-RESIDENT MAKER.—In an action against the maker and indorser of a promissory note, the court may dismiss as to the maker, if he be a non-resident.

4. JUDGMENT : PRESUMPTION IN FAVOR OF.—Where the record is silent as to the ground upon which the action of the court is based, it will be presumed to be correct, if justifiable under any possible state of facts; and hence, if a joint action against the maker and indorser of a promissory note be dismissed as to the former, and it does not appear for what reason, it will be presumed to have been done because he was a non-resident, and therefore right.

IN error from the Circuit Court of Tishomingo county. Hon. P. T. Scruggs, judge.

*Reynolds* and *Kinyon*, for plaintiff in error.
*C. E. Hooker*, on same side.

*John F. Cushman*, for defendant in error.

HANDY, J., delivered the opinion of the court.

This action was brought under the Act of 1850, in relation to pleadings, by the defendants in error, against J. Thomas and William L. Duncan, upon a promissory note made by Thomas, payable to Duncan, by whom it was indorsed to one Stricklin, who indorsed it to the plaintiffs below.

The first objection to the judgment below is, that the court sustained a demurrer to the plea in abatement of the defendant Duncan, setting up that Stricklin, the last indorser of the note, was not sued in the action. There is no error in this. The plaintiff had a perfect right to waive his action against the last indorser, even if he was bound by his indorsement, and the prior indorser would have no right to complain of such a course. But it appears that this indorser specially indorsed the note "without recourse" upon him; and it would therefore have been folly to sue him upon that indorsement.

The second ground of error is, that the demurrer to the second plea in abatement of Duncan, setting up that Thomas, the maker of the note, was a resident of Tippah county, and capable of being sued there, was not disposed of.

It is true, that the record shows no positive action of the court

VOL. II.—45

upon this pleading, and the question presented by it does not affirmatively appear to have been decided. But it appears immediately after the plea and demurrer in the record, that the defendant, Duncan, pleaded three pleas in bar to the action. No action of the court appearing on the demurrer, it cannot be presumed that any was taken; and the filing of the pleas in bar must be considered as a waiver of the plea in abatement.

In connection with this objection, it appears that the suit was dismissed as to Thomas, the maker of the note, upon the trial; and it is said that this was error.

The Statute of 1857, requiring indorsers of promissory notes to be sued in one and the same action, applies only to cases where the defendants are living and resident in this State. If Thomas, the maker, was not a resident of the State, it was proper that the court should dismiss the suit as to him, and proceed to try the issues as to the indorser. And the record being silent as to the grounds upon which the court ordered the dismission, as to the maker, the presumption of law is, that it was done upon a proper and sufficient showing, justifying the action of the court, if under any circumstances such action could have been proper. Hence, it may be presumed that it was sufficiently shown to the court, that the maker was not a resident of this State, and not subject to the jurisdiction of the court; which showing would have justified the dismission.

The transcript of the record appears to be made in a very confused and uncertain manner; but as the case is presented to us we perceive no error which would justify a reversal of the judgment.

Judgment affirmed.