## CRUMP & Co. v. JESSE W. WOOTEN.

1. STATUTES: RULES FOR THE CONSTRUCTION OF.—In doubtful cases courts should compare all parts of a statute to ascertain the intention of the legislature, and, however broad some of its expressions may be, yet if it clearly appear that they were intended to be limited by other provisions of the same act, it is not improper to restrain them accordingly.

2. SAME: SAME.—Where different parts of a statute seem to conflict, it should receive such a construction, if possible, as will give effect to the whole.

3. BILLS OF EXCHANGE: PROMISSORY NOTES: ACTION MAY BE BROUGHT AGAINST ANY ONE, OR ALL, OF THE MAKERS AND DRAWERS.—Under the provisions of article 10, page 357, of the Revised Code, any action founded on any joint, or joint and several bill or promissory note, not endorsed, and where there are no parties secondarily liable, may be brought against any one or more, or all, of the joint makers or drawers.

4. SAME: SAME: ACTIONS MUST BE BROUGHT AGAINST ALL PARTIES WHERE SOME ARE SECONDARILY LIABLE.—Under article 11, page 357, of Revised Code, all actions on bills of exchange or promissory notes, where there are parties secondarily liable, being and resident in this State must be brought against all the parties to the bill or note ; and the action must be commenced in the county where the party primarily liable resides.

5. SAME: SAME: ATTACHMENT MAY BE SUED OUT AGAINST ANY ONE OR MORE, OR ALL, OF THE PARTIES.—The holder of a promissory note or bill of exchange, upon which there are parties secondarily liable, may sue out an attachment against any one of the parties to the bill or note.

ERROR to the Circuit Court of Marshall county. Hon. Alexander M. Clayton, judge.

Crump & Co sued out an attachment against Wooten on the ground " that he was about to assign his property with intent to defraud his creditors, or give an unfair preference to some of them." The action was founded on a promissory note, of which the following is a copy:—

Nov. 8, 1862.

One day after date we promise to pay Crump & Co. twenty-four hundred dollars, value received, bearing interest, &c.

K. G. MARTIN,
J. W. WOOTEN.

To the action Wooten pleaded in abatement the non-joinder of Martin, who was alleged to be living and resident within the State, and that he, Wooten, was but surety on the note.

A demurrer to the plea was overruled, and the suit abated.

This writ of error is presented by Crump & Co., who assign for error the action of the court in overruling the demurrer to the plea in abatement.

*Walter & Scruggs*, for plaintiffs in error, cited *Duncan* v. *McNeil*, 31 Miss. 704; *McGrath & Co.* v. *Hooper*, 26 Miss. 496; *Wilkinson* v. *Flowers*, 37 Miss. 579.

*Clapp, Stricklan & Fant* for defendant in error. No brief on file.

PEYTON, J., delivered the opinion of the court.

The plaintiffs in error on the 11th day of September, 1866, sued out an attachment against the estate of the defendant in error, for the sum of $2,588.39, returnable to the Circuit Court of Marshall county, and on the 13th day of September, 1866, they filed their declaration in said court. And on the 8th day of July, 1867, the defendant in error filed his plea in abatement of the suit, alleging the promissory note for $2,400, in the plaintiff's declaration mentioned, was made jointly by one K. G. Martin and the defendant, who signed the same as surety of said Martin, and that at the time of bringing this suit the said Martin was living and resident within this State and the said county of Marshall. To this plea the plaintiffs filed a demurrer, which was overruled by the court, and the suit abated. To reverse which ruling and judgment, the plaintiffs prosecute

Crump & Co. *v.* Jesse W. Wooten.

a writ of error here, and assign for error the overruling of the plaintiff's demurrer.

The only question presented by the record for our determination is, whether a creditor can maintain an attachment suit against one of several joint debtors by promissory note, who were living and resident within the jurisdiction of the court at the commencement of the suit.

The 10th article of the Revised Code, 357, among other things, provides that in any action founded on any joint, or joint and several bill or promissory note, it shall be lawful to sue any one or more of the parties liable on such bill or note.

This does not require all the drawers of the bill or makers of the note to be sued in a joint action; but gives the holder his election to sue any one or more, or all, of the parties liable on the bill or note. He may sue any one of them alone in a separate action, or he may may sue several of them or all of them in a joint action, at his election.

The 11th article of the Code provides that in all actions founded on bills of exchange or promissory notes, the maker or makers, acceptor or acceptors, drawer or drawers, and endorser or endorsers, living and resident within this State, shall be sued in a joint action, and such suit shall be brought in the county where the party to said suit, who is first liable on said note or bill, shall reside.

These different provisions of the statute seem repugnant to each other, and should be so construed as to make them, if possible, consistent and harmonious. And this result will be produced by an application of a few well-settled rules for the construction of statutes to these apparently conflicting provisions.

In doubtful cases, courts should compare all parts of a statute, to ascertain the intention of the legislature, and however broad some of its expressions may be, yet if on such examination it shall clearly appear that they were intended to be limited by other provisions of the same act, it is not improper to restrain them accordingly. Smith's Com. 753.

In order to make the latter article harmonize with the former, its general language must be restrained and limited to cases in which there are endorsers and others secondarily liable upon notes or accepted bills of exchange. And this construction is sustained by that clause in the article which requires the suit to be brought in the county where the party who is first liable on said note or bill shall reside. The intention of the legislature clearly was, that in the ordinary course of proceeding to recover on a note or bill of exchange, those who were secondarily liable thereon, such as endorsers and drawers of accepted bills, should not be sued without including in the action those who were primarily liable that were living and resident within the jurisdiction of the court.

It is a rule of construction of statutes that where different parts seem to conflict with each other, the statute shall receive such a construction, if possible, as will give effect to the whole.

The construction which we have given to those two articles of the Code will reconcile them, and give validity, effect, and operation to each. And this construction is sustained by this court in the case of *Wilkinson* v. *Flowers*, 37 Miss. 587.

Although the defendant in error may have been a joint maker of the note sued on as surety for Martin, the other joint maker as stated in his plea, he was at law primarily liable upon the same, and was therefore liable to be sued alone.

The construction that has been given to the said 11th article of the Code, supplies the general rule in the ordinary course of proceeding to recover on the commercial paper therein specified. To this rule, however, there is an exception in the case of an attachment, which is out of the ordinary course of proceeding to recover a debt. If the holder of a note, to which there were several joint makers and endorsers, were not allowed to proceed by attachment against the property of one of the makers alone, under circumstances which would justify that proceeding under the provisions of the attachment law, he would be deprived of the benefit of a general law of this State. An attachment has been decided by this court to be a proceeding *in rem* against the property of the defendant. And where there are several

Crump & Co. *v.* Jesse W. Wooten.

joint debtors on a promissory note, the property of each is, of course, liable to the creditor for the whole debt; and to deprive him of the remedy by attachment, might be the means of losing his debt. It is not difficult to conceive cases that might occur, in which one of two joint makers of a promissory note on which there were endorsers was insolvent, and the other solvent, and the solvent debtor was in the act of removing his property out of this State, for the purpose of evading the payment of the debt. If the creditor in such a case were not allowed to proceed by attachment against the property of the solvent debtor, he would, in all probability, lose his debt. And again, if the solvent debtor was about to remove his property out of this State before the creditor's debt was due, and the creditor were not permitted to proceed against his debtor's property by attachment, he would be deprived of the benefit of a general law, and thereby might lose his debt. In neither of these cases could the other be joined in the attachment, in the first case, because there was no ground for taking out an attachment against him, and in the other case, for the same reason and the additional one of the debt not having become due.

A construction ought not to be given to the statute which would deprive the creditor of the benefit of the attachment law in such cases, and which would be productive of such injustice to creditors.

For these reasons we think the court below erred in overruling the demurrer and abating the plaintiff's suit.

The judgment will, therefore, be reversed, the demurrer to the plea in abatement sustained, and the cause remanded for further proceedings, with leave granted to the defendants to answer over to the declaration.