## Samuel P. Pool *v.* C. & A. S. Hill et ux.

1. Practice.—Where the maker of a promissory note and the endorsers thereon have been sued jointly, and it does not appear by the record that the maker is a resident of this state, it is not error to discontinue or to dismiss as to him, and proceed against the others. It is otherwise where the record shows him to be a resident.

2. Pleadings—Practice.—Pleas must be filed on or before the third day of the return term, or within such other time as the court, by rule or otherwise, shall allow ; and issues of fact shall be joined, ready for trial at the next succeeding term. Rev. Code, 503, art. 150. The "otherwise" contemplated by "rule of court or otherwise" does not extend beyond the term.

3. Same.—Pleadings are equally defective whether pleaded improperly in point of time or in point of law, and a motion to strike out, where they are filed out of the usual course of practice, is the proper mode of displacing them from the suit. Pleas entirely destitute of merit may be stricken out on motion.

4. Leave of court—Practice.—Where leave of the court is necessary to authorize the filing of a plea, the record should show the order granting it ; the recital of the fact in the body of the plea amounts to no more than an averment of the pleader. A motion to displace a plea made in due time presents the same question as if an application were made to file it.

5. Plea puis darien continuance—Practice.—A plea *puis darien continuance* avering that defendant had notified the plaintiff in writing, to sue the principal in the note, within the time prescribed by law, and that he had not done so, is a nullity if it appears that such notice was given within thirty days before the commencement of the next term thereafter, and may be stricken out on motion. And where the plea was not put in the proper time, or was not properly verified, the objection must be taken by motion and not by demurrer.

Error to the circuit court of Tippah county.   Clayton, J.

This was an action brought to the March term, 1868, of the Tippah circuit court, against G. W. Vaughan, A. M. Ayres, and Samuel P. Pool, founded on a note made by them for $1,738 66, dated July 3d, 1860, and payable twelve months after date, to Cornelia Mull (afterwards Cornelia Hill), bearing interest at ten per cent. until paid. At the September term, 1869, on the 7th day of September, the action, on motion of plaintiff, was dismissed as to Vaughan and Ayres, but this dismissal was set aside at the same term. On the next day, the 8th September, Pool, without leave of the court, filed two pleas—recited therein that they were filed by leave first had and obtained. The first plea avers, that Pool was only the surety of Vaughan, and that as such he had, on the 7th September, 1869, given plaintiff notice in writing to commence legal proceedings against said Vaughan, who is a resident of said county, and who is principal debtor, within the

time limited by statute, or that said defendant would claim to be discharged from liability, etc., etc.; then the plea avers, that said plaintiffs have not commenced such proceedings, etc., but neglected and refused, etc. The second plea avers the suit to have been originally commenced against Vaughan, Ayres, and Pool, and that on the second day of the term was dismissed as to the two other defendants; that Vaughan was principal in said note; that after the dismissal the defendant, Poole, gave notice to plaintiffs as stated, to institute suit against Vaughan, which he refused, etc. This plea is marked, "filed 8th September, 1869." On the same day these pleas were, on motion, stricken out, and leave given to file them within thirty days, on making affidavit of their truth. Before striking out these pleas, on motion of plaintiff, the order dismissing as to Vaughan and Ayres was set aside, and the case reinstated against them. To this action of the court striking out said pleas, no exception was taken or bill of exceptions filed.

The plaintiff in error assigned the following errors:

1st. That the court below erred in striking out the second and third pleas.

2d. That the court erred in submitting the case to a jury when there was no issue.

*Morris*, for plaintiff in error.

However informal a plea may be, if it be appropriate to the action, it will be error to strike it out. Smith v. Commercial Bank of Rodney, 6 S. & M., 83.

It appears by the record, that these pleas were stricken out because they presented matter in abatement and not in bar, and should, therefore, have been put in under oath.

The pleas were filed under art. 1 of the Code, 362, and were to all intents and purposes pleas in bar, and appropriate to the action, and should therefore have been demurred or replied to. They set forth that Pool was only the surety of Vaughan; that plaintiffs had been notified in writing to sue Vaughan, and had failed to do so; and the statute, in express

terms, says that the surety shall in such case " be discharged from liability."

It requires a very discriminating mind to discover one single quality of a plea in abatement in the defense set up. The court cannot fail to see how grossly justice was defeated in the court below, and will, therefore, reverse this case upon any ground of error apparent in the record, that another trial may be had.

*Watson & Manning,* for defendant in error.

To the action of the court in striking out said pleas, no exception was taken, and no bill of exceptions filed. But this action was right, even conceding that this court can look to the motion of plaintiff, inserted improperly by the clerk, in the transcript of the record. The court, in considering the motion to strike out the pleas, was not limited to causes therein set out, but was bound to consider everything that could be alleged in its support. Where the record is silent as to the grounds or reason for the action of the court, it will be presumed to be correct. Duncan v. McNeil et al., 31 Miss., 705; Cason v. Cason et al., 31 Miss., 578.

No leave had been given defendant to file these pleas. The case had been pending nearly two years, and at this stage of its progress, defendant could only legally file a plea on leave granted by the court. Rev. Code, 503, art. 150; and see further as to this point, Wright v. Alexander, 11 S. & M., 411; 5 S. & M., 254; 41 Miss., 236. Motion to strike out pleas may be made when they are irregularly filed. Price v. Sinclair, 5 S. & M., 254; Marshall v. Hamilton, 41 Miss., 230; Shropshire v. Judge of Probate, 4 How., 142; Martin v. Haines et. al., 6 How., 189. These pleas were pleaded *puis darien continuance,* and the court had full power over them. 1 Chitty's Pl., 659, note 4; 4 J. J. Marshall, 224. See also, 3 Chitty's Pl., 1241; McGowan v. Hay, 4 J. J. Marshall, 224; 8 S. & M., 640; Wilkinson v. Flowers, 37 Miss., 580; Crump & Co. v. Wooten, 41 Miss., 611, 613, 614. As to the notice by surety to principal to sue, see Rev. Code, 362, art. 1. See

also, Garrett v. Felt & Reed, 42 Miss., 137; Hewitt v. Cobb & Co., 40 Miss., 161, 163; Mason & Malone v. G. C. Gwin et al [not reported.]

Simrall, J.:

This action of assumpsit was brought to the March term, 1868, of the Tippah circuit court, founded on a promissory note. At the September term, 1869, the suit was dismissed as to Vaughan and Ayres. At the same term, the defendant, Pool, filed two pleas, which on the motion of the plaintiff, were stricken out. Which forms the matter of the first error assigned.

The first plea sets up, in bar of the action, that the defendant, Pool, was the surety of Vaughan, on the note sued on, and that on the 7th day of September, 1869, he gave notice in writing to prosecute a suit against his principal (as provided in the statute), the principal being a resident of said Tippah county, and that no such suit has been brought, but the plaintiff refuses so to do. The second plea is the same with the first, with the additional averments, that the suit was originally brought against Vaughan and Ayers, and had been dismissed as to them.

If the order of the court is defensable upon any grounds, the presumption is, that it was for a sufficient reason. In Duncan v. McNeil & Co., the suit was dismissed as to the maker of the note, and proceeded in as against the indorser; this was complained of as not allowed by the statute requiring all the parties to negotiable paper to be sued in the same action. It not appearing of record that the maker was a resident of this state, and in that case, it being proper to omit, or dismiss him from the suit, the order of the court was sustained, " if in any circumstances, such action could have been proper."

There is, say the supreme court, in Voorhies v. Bank of U. S., 10 Peters, 473, " No principle of law better settled than that every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary ap-

pears." Rev. Code, 503, art. 150, fix as the time for pleading, and making the issues. The plea must not be in, " on or before the third day of the term to which the writ is returnable," or within such other time as the court by rule, or otherwise shall allow ; issue of fact shall be made and joined ready for trial, at the next succeeding term. The " other time " contemplated by " rule of court," " or otherwise," for the pleading to be filed, does not extend beyond the term, otherwise, the injunction of the succeeding clause could not be obeyed ; that the issue must be made up and joined, ready for trial at the next term.

In Price v. Sinclair, 5 S. & M., 258, it is said, pleadings are equally defective whether plead improperly in point of time or point of law, and motion to strike out, if put in out of the usual course of practice, is the proper mode of displacing them from the suit. Where pleas are regularly filed, but were entirely destitute of merits, they may be stricken out on motion. Marshall v. Hamilton, 41 Miss., 230.

Pleas *puis darien continuance* are a good deal in the discretion of the court. The affidavit may be varied if the court perceives verity in them. McGowan v. Hay, 4 J. J. Marsh., 224. If the plea be frivolous and no answer to the cause of action, the plaintiff would not be put on his demurrer, but may disregard it. Of this character is the plea of covenants performed to a declaration on a bond with a condition assigning breaches. Shropshire v. Judge Probate, 4 How., 153; Postmaster Gen. v. Cochran, 2 Johns., 416; Simonton v. Bowman, 5 Peters, 148. A motion to strike out pleas brings to the notice of the court the right of the defendant to file them, both as to the order of time and also whether it would subserve the ends of justice and the merits of the defense, to require them to be answered. The proposition implied in a plea *puis darien continuance* is that matter in abatement or bar of the suit has occurred since the continuance. These pleas set up matter in bar which occurred during the term, and the very day before the pleas were filed. And what is it? That the defendant had notified, in writing, the plaintiff

to sue the principal in the note within the time prescribed by law, and that he had not done it.

This falls very far short of a defense within the statute. Rev. Code, 762, arts. 1, 2. The creditor is not obliged, after notice, to sue to the next term, unless the term commences thirty days after notice received. Here the notice was given on the 7th and plea filed the 8th of the same month. Surely the creditor could not be in default until a failure to sue at the next succeeding term. Nor is the matter of the first plea improved by the averments in the second, that the suit was dismissed as to Vaughan, the principal. The plaintiff may dismiss his suit as to one maker of a note, although he may be principal, and take judgment against the other makers. Wilkinson v. Flower, 37 Miss., 580; Crump v. Wooten, 41 Miss., 613. There cannot, however, be a dismissal against the maker and judgment against the indorser, if the former be a resident of the state.

The court must be satisfied in some form or other, that the plea is in good faith, and not frivolous; therefore, the practice in the United States' courts, requires an affidavit. Stafford v. Woodruff, 2 S. & M., 191. By the English practice, the plea must be verified, Martin v. Wyvill, Stra., 492. The plea waives all former pleas, even when abatement is pleaded *puis darien continuance.* The judgment whether upon verdict or demurrer, if against the plea is final *quod recuperet,* and not *respondant ouster.* Calver v. Barney, 14 Wend., 161; 7 Bacon Abridg., 688. An objection that the plea was not put in proper time, or that it was not accompanied by proper affidavit, or that it was accompanied by another plea, must be taken by motion to set aside, and cannot be taken by demurrer. Ludlow v. McCrea, 1 Wend., 228; Nicoll v. Mason, 21 Wend., 334. On the 10th September, 1862, the pleas were stricken out, and leave given to file same pleas in thirty days, when duly sworn to, and cause continued. At the March term, 1870, the final judgment was rendered. So that it appears that the defendant had the opportunity of submitting his pleas to the usual test of their

sufficiency, on the condition of verifying them, which he declined to do. We have seen that the court might impose this term, in order to be satisfied that the pleas were in good faith and not frivolous.

Whenever special authority of the court is required to be given, the record must show it. The recital in the body of the plea that leave was given, amounts to no more than an averment of the pleader. The fact that the pleas were stricken out, in connection with the silence of the record on the point, makes it conclusive that the pleas in the ·form in which they appear in the record, were not filed by permission of the court. There is nothing in these views inconsistent with, or intended to be inconsistent with the oft repeated decisions of this court, that a plea in the record (at the · rendition of the judgment), will be presumed to be rightfully there, and that a judgment without dispensing of the plea will be erroneous.

All we mean to hold on this point is, that a motion to displace a plea made in due time, presents the same question as if an application were made to file the plea. It is proper, also, to observe, that we have examined the case of Hefron v. Mississippi Union Bank, 7 S. & M., 434. The reporter in his syllabus, says, "It seems a plea of *puis darien continuance* does not waive other pleas previously filed." An examination of the opinion will show that such pleas are not alluded · to at all, and no judicial expression of such effect made. If there were a special verdict finding the truth of these pleas for the defendant, the plaintiff would be entitled to judgment; and if there were issue upon them, and a finding for the defendant, the plaintiff would be entitled to judgment. *Non obstante rendento* for the pleas, confess the plaintiff is entitled to judgment, except it be avoided by the matter set up. There was no prejudice to the defendant, therefore, in striking them out.

The second assignment is, that the court erred in submitting the cause to the jury, where there was no issue of fact to try. In a case decided at the April term, we adhered to

the rule laid down in Garrett v. Felt & Reed, 32 Miss., 137, and Hewett v. Cobb & Co., 40 Miss., 62, in declining to reverse for this technical reason, resulting in no substantial injury to the plaintiff in error.

Let the judgment be affirmed.