## ELIAS MOORE v. J. G. KNOX, Admr.

1. PLEADING — ABATEMENT — CHARACTER OF PLAINTIFF. — The character in which the plaintiff sues can be denied only by plea in abatement, and such plea must be sworn to and pleaded in its proper order; and such a plea not sworn to is demurrable.

2. SAME — CASE IN HAND. — In this case the pleas were statute of limitations and denial of the character in which plaintiff sued, and were not sworn to: *Held*, a demurrer was properly sustained to the latter plea.

3. STATUTE CONSTRUED — REV. CODE OF 1857, P. 357, ART. 11. — The statute requiring all the parties to bills of exchange and promissory notes, resident in this state, to be sued in one action, applies only to bills of exchange and indorsed notes, where there are parties secondarily liable, and does not embrace the case of joint makers of a promissory note, even though one be a surety. In such case all are makers, and the action may be brought in the county where any of the makers reside; and it is not error to dismiss as to one of the makers, and take judgment against another, even though the latter be a mere surety on the note.

ERROR to the circuit court of Lauderdale county. LEACHMAN, J.

This was an action in the circuit court of Lauderdale county, against Mahala Moore and Elias Moore, upon a promissory note made by them. Summons was issued to Lauderdale for both defendants, and was returned as executed on Elias Moore, but "not found" as to Mahala Moore. Afterward a duplicate summons was issued to Leake county for Mahala Moore, which was returned "not found." Opposite the name of Elias Moore, on the note, was the word "surety." Two pleas were filed by Elias Moore: 1st. The statute of limitations; 2d. A denial of the character in which plaintiff sued. Both were demurred to, and the demurrer was confessed as to the first. It was sustained as to the second, and leave granted to plead over, which, not being done, the suit was dismissed as to Mahala Moore, and judgment final, by default, entered against Elias Moore, who sued out this writ of error, and assigns error as follows, viz. : 1st. The court erred in sustaining demurrer to plea of statute of limitations of six years ; 2d. It was error to take judgment by default when said first plea was

neither replied to nor disposed of; 3d. It was error to dismiss the suit as to the principal, and take judgment against plaintiff in error, the surety ; 4th. The record does not show that this suit was brought in the county in which Mahala Moore resided at the date of the suit, the circuit court of that county only having jurisdiction of the case.

*G. L. Potter*, for plaintiff in error.

The record does not show where the principal, Mahala Moore, was, nor where she resided when the suit was brought. If she resided in the state, the suit should have been brought in the county of her residence; and, under the decisions, no other court would have jurisdiction. Woolley v. Bowie, 41 Miss. 553 ; Andrew v. Powell, 41 ib. 736. As the jurisdiction is thus limited by locality, that is, by the residence or presence of the principal defendant, the records should show that Mahala Moore resided, or was, in Lauderdale county, or show facts excepting the case from the rule declared by the statute. But this record fails to show these particulars. If we may infer any thing from the "branch writ," it would seem the principal resided in Leake county, and not in Lauderdale.

Under our statute the residence, or non-residence, of the principal becomes important as a jurisdictional fact; if a resident, the proper county should be alleged ; if a non-resident, that fact should be shown by plaintiff when he seeks a judgment against the surety only. If the principal can be reached, the law shields the property of the surety, until the estate of the principal is exhausted, and surety or plaintiff must show a state of the case which will authorize a departure from this policy of the law. We therefore insist that, in this respect, the declaration was defective, and the demurrer to the plea should have been extended back, and have been sustained to the declaration.

For the same reasons, it not being shown that she was a non-resident, it was error to dismiss as to the principal, and take judgment against the surety. Plaintiff could not file

his suit in the wrong county and then dismiss, as to the principal, because she was not found in that county.

To the "second" plea the demurrers were filed. We might admit that one of them was intended to be filed to the first plea, but the record does not so read; and all we can say is, that the intent of the pleader was not accomplished, and thus a plea in bar stands undisposed of.

*W. & J. R. Yerger* and *B. Y. Ramsey*, for defendant in error,

Contended that the suit was well brought in Lauderdale, and the demurrer to the second plea was properly sustained, because it was a plea in abatement to the character in which the plaintiff sued and was not sworn to as required, and, beside, was overruled by the plea of the statute of limitations, with which it was filed; and that the judgment by default was properly taken, as defendant did not plead further under the leave granted upon sustaining the demurrer to his plea, and cited Rev. Code of 1857, p. 495, art. 110; ib. p. 357, arts. 11 and 14.

SIMRALL, J. :

It is assigned for error : 1st. Sustaining demurrer to the statute of limitations. Two pleas were filed in the order in which they appear in the records. The statute of limitations was the first, the other is a denial of the plaintiff's character of administrator, and is thus introduced : "and the said defendant further answering, says," etc. To both of these pleas there was a demurrer. It is shown by the record that the defendant confessed the demurrer to the first plea, and the court sustained it as to the second. There is nothing then in the record upon which the first assignment rests. If the error was intended to be imputed to the decision on the second plea, it is manifest that there is no error. The plea is a traverse of the allegation of the declaration, that the plaintiff is administrator of the goods, etc., of Elizabeth Knox, deceased, and, for the truth of his plea, puts himself upon the country. The defendant cannot dis-

pute the character in which the plaintiff sues except by plea supported by affidavit. The plea being in disability of the plaintiff, and not in bar of the right, must be in abatement.

The defendant declining to make further defense, final judgment was rendered. Nor was it error to dismiss as to Mahala Moore, and take judgment against the plaintiff in error. Both defendants were makers of the note. In Wilkinson v. Flowers et al., 37 Miss. 580, and Crump v. Worten, 41 ib. 614, it was held, that the statutes in reference to suing in one action all the parties to bills of exchange and promissory notes, applied to such paper having upon it secondary parties as indorser and drawee, where there has been acceptance. The intent of these laws, as declared in the last cited case, was to compel the holder to sue the maker or drawer (if resident in this state), in the same action with the indorser or acceptor. If all the defendants are joint makers, however, it is not erroneous to dismiss as to one, although he may be the principal, and take judgment against the other, who may be surety. This was declared in the first case cited, and rests upon the idea that both are bound to the plaintiff equally, jointly and severally. Pool v. Hill et ux., 44 Miss. 311.

It is lastly objected that this suit ought to have been brought in the county of the residence of Mahala Moore, because she is the principal debtor, and that the case is provided for by art. 11, p. 357, Code 1857. There are two features of this statute; first, the makers, acceptors, drawees and indorsers shall be sued in a joint action; second, the suit shall be brought in the county where the party to the suit first liable shall reside. That is to say, in the county of the residence of the maker or acceptor. Within the statute, as judicially expounded, if there be two makers standing toward each other as principal and surety, such suit may well be brought in the county where either of them resides.

The cases of Wooley v. Bowie, 41 Miss. 553, and Andrews v. Powell, ib. 736, do not apply, because in those cases there was not a defendant in the county where the suit was

brought. The only defendants before the court were those resident in other counties served with duplicate writs. In the case at bar, the plaintiff in error was served in Lauderdale county where the suit was brought, and the writ as to the other defendant sent to another county was returned not found.

There is no error and the judgment will be affirmed.