## J. W. McADORY *v.* MILTON TURNER ET AL.

1. **PRACTICE.** *Time of pleading. Power of Circuit Court.*
   The Circuit Court has authority, before judgment rendered in a case, to allow a defendant to plead out of time, where a reasonable excuse is shown for the failure to plead sooner; and this authority is not denied in *Pool* v. *Hill*, 44 Miss. 306.

2. **SAME.** *Motion for time to plead. Bill of exceptions. Chancery jurisdiction.*
   A defendant in *assumpsit* obtained leave to plead within ninety days. He failed to plead within the time allowed, and his pleas filed on the first day of the

next term were stricken out, on motion of the plaintiff. The defendant then moved for leave to refile his pleas, and in support of the motion presented an affidavit of his attorney, stating that the pleas contained a good defence, and great injustice would be done if the defendant should not be permitted to plead; and stating, as an excuse for the failure to plead in time, that it was an invariable custom of many years with affiant and plaintiff's attorney not to exact strict compliance with rules and orders as to the time of pleading, and that all either had ever required of the other was due notice of the nature of the defence, which notice affiant had given to plaintiff's attorney in this case long before the expiration of the ninety days, and that affiant had no intimation that such custom would be violated in this instance. The motion was overruled, and judgment rendered against the defendant, who sought redress by a bill in chancery. *Held*, that the defendant should have brought up his case on a bill of exceptions to the action of the Circuit Court in overruling his motion, and upon the showing here made this court would have granted leave to plead; but that chancery has no jurisdiction of the matter.

APPEAL from the Chancery Court of Winston County.

Hon. L. BRAME, Chancellor.

Turner sued McAdory in an action of *assumpsit*, in Neshoba County. At the appearance term, McAdory's attorney obtained leave of the court to plead within ninety days. The pleas were not filed within the time allowed, but were filed on the first day of the next term of the court. Upon motion of the plaintiff, by his attorney, the pleas were stricken from the file. Immediately thereupon, the defendant moved for leave to refile his pleas, and supported his motion by an affidavit of his attorney, stating that the pleas contained a just and legal defence to the action, and that great injustice would be done the defendant if he was not permitted to file them. The affidavit also stated, as the reason of the failure to plead within the time allowed, that the plaintiff's attorney and the affiant, the defendant's attorney, both resided in the town of Louisville, in Winston County; that very soon after the order was granted allowing ninety days in which to plead, and long before the expiration of that time, the affiant informed the plaintiff's attorney of the defence which would be made; that affiant and plaintiff's attorney had been practising law in the same town for many years, and it was the invariable custom with them not to require a strict observance of the rules of

law and practice as to the time of filing pleas, but due notice of the defence intended to be made was all that either required of the other, and affiant had no intimation that this custom would be violated, until the motion to strike out the pleas in this case ; and that the notice of the defence given to plaintiff's attorney by affiant in person was better than if he had filed the pleas in the clerk's office, twenty-eight miles from where both attorneys resided. The Circuit Court overruled the motion, and entered a judgment against the defendant.

McAdory then filed a bill in chancery against Turner and the officers of the court, narrating the proceedings in the Circuit Court, stating his defence to the action of *assumpsit*, and praying that the judgment be set aside and an opportunity afforded complainant of having a new trial upon his rejected pleas, or that the execution of the judgment be perpetually enjoined.

The defendant demurred to the bill. The demurrer was sustained, and the complainant appealed.

*Rives & Rives*, for the appellant.

The action of the Circuit Court in overruling the motion for leave to plead was in accordance with the requirements of the statute. Code 1871, sect. 631 ; *Pool* v. *Hill*, 44 Miss. 306. At the time the motion was made, we believed it to be within the legal discretion of the court to sustain or overrule the motion, as might seem proper, but upon further investigation we discovered our mistake.

Equity will enjoin a plaintiff from enjoying the benefits of an unjust judgment, unconscientiously obtained, where the bill of complaint shows that the defendant in the judgment had a good defence to the action at law, and also presents a good excuse for his failure to make such defence. Willard on Inj. (2d ed.) 174, 176, 191 ; Story's Eq. Jur. (5th ed.), sect. 899 ; *Engel* v. *Scheuerman*, 2 Am. Law Rep. 573 ; *Smith* v. *Walker*, 8 Smed. & M. 13.

*J. P. Allen*, for the appellees.

Equity will not relieve against a judgment at law unless it

be shown that the judgment was obtained by mistake, accident, misrepresentation, fraud, or deceit, and without laches or neglect on the part of the defendant. 1 How. 108; 11 Smed. & M. 144; 13 Smed. & M. 698; 14 Smed. & M. 158; 23 Miss. 406, 407; Story's Eq. Jur., sects. 894–896; 33 Miss. 171; 14 Smed. & M. 160; 52 Miss. 402. The bill shows that the judgment was caused by the gross neglect of complainant or his counsel. 5 How. 104.

The judgment of the Circuit Court cannot be revised in chancery. 1 Smed. & M. 238; 3 Smed. & M. 294, 439. The appellant should have made his defence in the Circuit Court. 4 Smed. & M. 358; 7 Smed. & M. 188, 607; 8 Smed. & M. 131, 139; 10 Smed. & M. 108, 282, 502, 563, 596. The action of that court in overruling the appellant's motion was correct. *Marshall* v. *Hamilton*, 41 Miss. 229; *Pool* v. *Hill*, 44 Miss. 306; *Hunter* v. *Wilkison*, 44 Miss. 728; 11 Smed. & M. 411.

*Nugent & McWillie*, on the same side.

Campbell, J., delivered the opinion of the court.

The remedy of appellant was to tender a bill of exceptions to the refusal of the Circuit Court to allow him to plead on the showing made, and to bring the case to this court, which, on the facts stated in the bill, would not hesitate to grant leave to plead to the action.

It is a mistake to suppose that *Pool* v. *Hill*, 44 Miss. 306, denies to the Circuit Court authority to allow a defendant to plead out of time, where a reasonable excuse is made for not having pleaded sooner, and when the court has control of the matter, as it has before judgment.

The error of the Circuit Court, as shown by the bill, cannot be corrected in chancery, and the demurrer to the bill was properly sustained.

Decree affirmed.