## J. S. HAMILTON & CO. v. CATCHINGS & CO.

1. BILL OF EXCHANGE. *Accommodation acceptor. Suit, where brought.*
   Under sect. 2237 of the Code of 1871, which provides that an action founded on a bill of exchange shall be brought in the county where the party first liable thereon resides, the acceptor of such bill should be sued thereon in the county of his residence, notwithstanding he is a mere accommodation acceptor and the drawer of the bill is living and resident in a different county of this State. And the fact that the holder of the bill sued on, being the payee thereof, knew at the time of the acceptance that it was done as an accommodation for the drawer, does not alter the attitude of the acceptor as the party primarily liable for the debt. As to what party is primarily liable on such paper, that is determined by the face of the paper itself.

2. SAME. *What parties sued. Who can object to omission.*
   Although sect. 2237 of the Code of 1871 requires that, in an action on a bill of exchange, all of the parties liable thereon shall be sued in a joint action, those primarily liable cannot object that this has not been done, the provision being only intended for the benefit of those secondarily liable.

ERROR to the Circuit Court of Hinds County.

Hon. S. S. CALHOON, Judge.

Catchings & Co. brought suit against J. S. Hamilton & Co., as the acceptors of a bill of exchange drawn by Lehman & Hartigan in favor of the plaintiffs. The defendants plead in abatement that they were merely accommodation indorsers and sureties on the bill sued upon, and that this fact was known to the plaintiffs at the time of the acceptance thereof by the defendants ; and that Lehman & Hartigan, the drawees of the

bill, are living and resident in Vicksburg, in this State, and are not joined as defendants in the action. To this plea the plaintiffs demurred. The demurrer was sustained, and the defendants sued out a writ of error.

*Shelton & Shelton*, for the plaintiffs in error.

1. When a party secondarily liable on a bill of exchange is sued, the party primarily liable, if living and resident in this State, must be sued with him; otherwise he can successfully plead in abatement the non-joinder of the party primarily liable. Code 1871, sect. 2237; *Bank* v. *Harris*, 2 Smed. & M. 469; *Boush* v. *Smith*, 2 Smed. & M. 512. It is averred in the plea and admitted by the demurrer that the plaintiffs in error were accommodation acceptors and sureties for the drawers of the bill sued upon, and that this was known to the defendants in error at the time the bill was accepted. The real facts, when known to all the parties, can always be averred and proven.

To establish the relation of principal and surety between the drawer and acceptor, it is only necessary for the latter to show that he is an accommodation acceptor. And if the payee or holder of the paper knew at the time he received it that the acceptance was for the accommodation of the drawer, he must treat the acceptor as surety, and not as primary debtor. *Meggett* v. *Baum*, 57 Miss. 22. In every case where it is admissible to show the suretyship, the surety must be treated as secondarily liable. It will not do to say that he must be treated as primarily liable because he has bound himself in that form, notwithstanding he is only a surety. To so hold would deprive the surety of all the rights and privileges given him by statute (sect. 2242 and chap. 49 of the Code of 1871).

2. As the plea avers, the drawers of the bill, who are primarily liable thereon, were, at the time of the institution of the suit, living and resident in Vicksburg, in this State. The suit should have been brought in Warren, and not in Hinds County. Code 1871, sect. 2237.

*W. P. & J. B. Harris*, for the defendants in error.

We think it settled that a suit is well brought against the

maker of a promissory note or the acceptor of a bill of exchange without joining the indorser or drawer as a defendant in the action, whether living or resident in the State or not, and that such practice is no violation of the principle of the act of 1837, in Hutchinson's Code, sects. 852, 853, and the subsequent legislation on the subject, in the Code of 1857, sect. 357, and in the Code of 1871, sects. 485, 486. This legislation has been interpreted as intended for the protection of parties secondarily liable on commercial or negotiable paper ; and, notwithstanding the unqualified language of the statute, the manifest object of the provision is attained by holding that only parties secondarily liable are permitted to make the objection that the other parties liable are not joined as defendants in the action. Parties primarily liable have no right to make such objection. *McGrath* v. *Hoops*, 26 Miss. 496 ; *Duncan* v. *McNeill*, 31 Miss. 704.

Sects. 2237 and 2242 of the Code of 1871 use the term " acceptor " as applicable to a contract well known in commercial law, in which the relations of the parties are fixed by the character they assume and the position they take on the paper. As to the holder of the paper, it matters not what may be the actual relations of the parties liable as between themselves. An acceptor, whether for accommodation or otherwise, is one who deliberately consents to take the place of primary responsibility on paper in which the degrees of liability are fixed by the places the parties take by their signatures. Byles on Bills, 379, 237 (citing 5 Taun. 192 ; 12 Serg. & R. 382).

The defendants in error were bound to sue in Hinds County, where the acceptors reside, and it would have been no excuse for suing in Warren County that they knew the acceptance was for accommodation of the drawers.

Chalmers, C. J., delivered the opinion of the court.

Plaintiffs in error (defendants below) insist that, inasmuch as it was shown by their plea in abatement that they were

accommodation acceptors of the bill sued on, as was well known to defendants in error (plaintiffs below), the suit should have been instituted in the county of the residence of the drawers of the bill, — to wit, in the county of Warren, — and that said drawers should have been jointly sued with them.

The argument is based on the provisions of sect. 2237, Code 1871, requiring that in suits upon negotiable instruments the makers, acceptors, drawers, and indorsers shall be sued in a joint action, and that such action shall be brought in the county where the party first liable resides.

It is insisted that, inasmuch as we have declared in *Meggett* v. *Baum*, 57 Miss. 22, that the accommodation acceptor of a bill is to be regarded between the parties as the surety of the drawer and secondarily liable, the above cited section governs the bringing of suits against them. The defect in the argument is that the statute does not embrace sureties generally, but applies only to the parties enumerated, — to wit, makers, acceptors, drawers, and indorsers of bills of exchange and promissory notes, — and prescribes the order and method of instituting suits on commercial paper, namely, by suing in the county of his residence the party primarily bound, as shown by the face of the paper.

When the suit has ripened into a judgment it will be competent for the parties to adjust the equities between themselves, and to show that one who appears to be a principal is really a surety ; but, though the holder of the paper may know this, he is not governed by it in bringing his action, because the statute nowhere declares that a surety can compel suit to be brought in the county of the residence of the principal debtor. The plaintiff, in instituting proceedings, looks alone to the face of the paper, and sues him who has there written himself down as principal.

Notwithstanding the requirement that all the parties shall be sued in a joint action, it has been several times declared that this provision is intended alone for the benefit of those secondarily liable, and that the primary debtor cannot com-

plain that the secondary one is not joined. *McGrath* v. *Hoops*, 26 Miss. 496; *Duncan* v. *McNeill*, 31 Miss. 704; *Crump* v. *Wooten*, 41 Miss. 611.

Judgment affirmed.