PARRISH *v.* FELDMAN.

(Division A. April 25, 1938.)

[180 So. 610. No. 33184.]

 

(Division A. May 23, 1938.)

[181 So. 336. No. 33184.]

 

Joseph S. Rice, of Starkville, for appellant.

A. B. Amis, Jr., of Newton, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is an action begun in the county court against the drawer and indorser of a check drawn by the appellant on a bank in Starkville, Miss., which the bank, at his request, declined to pay. From a judgment in the county court in favor of the appellee, the case was carried by the appellant to the circuit court, and the judgment was there affirmed. The check is for $400 payable "to W. A. Johnson, Attorney, or Bearer." It was indorsed by Johnson and delivered to the appellee.

The appellant resides in Starkville in Oktibbeha county, and Johnson resides in Newton county, where the action was brought. The appellant requested the county court to change the venue of the action from Newton county to Oktibbeha county, the place of his residence, but the court declined so to do.

Section 2854, Code of 1930, provides: "An action shall not be maintained on a bill of exchange or promissory note which has been indorsed against any one secondarily liable thereon, without joining in the action all persons residing in this state who are liable before such

person on the bill or note; and the action shall be brought in the county where the party, or some one who is at first liable on said bill or note, shall reside." This check is a bill of exchange on which the appellant was primarily, and Johnson secondarily, liable. Code of 1930, sections 2841, 2717, 2723, and 2848.

The appellee says that section 2854 of the Code is for the benefit of parties secondarily liable on a bill of exchange and therefore cannot be invoked by parties primarily liable thereon. This section is for the benefit of both "drawers and indorsers of bills of exchange and promissory notes." McGrath & Co. v. Hoopes, 26 Miss. 496. The requirement for the joining in an action against persons secondarily liable on a bill of exchange of "all persons residing in this state who are liable before such persons on the bill or note" is for the benefit of persons secondarily liable thereon and cannot be invoked by the person primarily liable thereon. Hamilton v. Catchings, 58 Miss. 92; Duncan v. McNeill, 31 Miss. 704; Crump v. Wooten, 41 Miss. 611. But the provision therein fixing the venue is for the benefit of the person primarily liable on the bill of exchange, and he has the right thereunder to be sued only in the county of his residence, or of the residence of another person also primarily liable on the bill of exchange. The change of venue should have been granted.

Reversed and remanded.

### On Suggestion of Error.

**McGehee, J.**, delivered the opinion of the court on suggestion of error.

The effect of the former opinion in this cause was to hold that the case should have been transferred to the county of the residence of the only defendant primarily liable on the negotiable instrument sued on, as provided

for by section 2854, Code of 1930. On suggestion of error it is complained that the former opinion was erroneous, for the reason that there was no motion made by the appellant to transfer or change the venue of the cause. The fact is that the motion, as presented in the court below by the appellant, asked that the cause be dismissed, or that he be allowed to file a motion to transfer the same to the county of his residence.

This motion alleged sufficient ground for a transfer of the case, and the court below evidently treated the same as a motion to transfer, for the reason that the order overruling the motion is in the following language: "It is ordered that a motion to transfer or motion to dismiss as filed, be and the same is hereby overruled." Since the court treated the motion as one either to dismiss or transfer the cause, we adhere to the former opinion in holding that the case should have been transferred to the county of the residence of the appellant.

Suggestion of error overruled.