Gay v. Lemle.

———◆———

## WILLIAM GAY v. MARK LEMLE, Ex'or, &c.

32   309
75   954
32   309
77     3

1. NEW TRIAL: RULE, WHEN THE EVIDENCE IS CONFLICTING.—If by the pleadings only, one issue be submitted to the jury, and the testimony be conflicting, the verdict will seldom be disturbed; but when there are several issues in the case, and the verdict is general, it cannot then be known upon which issue it is based, and if the verdict *might* have been upon an issue upon which there was no material conflict of testimony, and in respect to that issue be unsupported by the evidence, it should be set aside, especially if the court erroneously instructed the jury on the law applicable to that issue.

2. EXECUTOR AND ADMINISTRATOR: DEVASTAVIT: APPROPRIATION OF ASSETS.—By the law of this State, an executor or administrator, in case of a deficiency of assets, is bound to pay rateably all the debts of the decedent, which by law are not a lien on the property; and if he pay one debt, not being a lien, to the exclusion of others, he is guilty of a *devastavit*.

3. AN EXECUTOR DE SON TORT: PLENE ADMINISTRAVIT BY.—If an executor *de son tort*, when sued by a creditor, attempt to justify his unlawful intermeddling with the assets of the deceased, by showing that he has applied them to the payment of his debts, he must show that he has applied them in the same manner that they would have been lawfully applied by the rightful executor, and if it appear that he has expended the assets in the payment of one particular debt, not being a lien on them, leaving others unpaid, he will be liable to the other creditors.

IN error from the Circuit Court of Adams county. Hon. Stanhope Posey, judge.

*W. T. Martin* and *R. North*, for plaintiff in error,

Contended that the 2nd instruction was erroneous; our statute requiring the rightful executor to pay all debts not being a lien on the assets rateably, he would be guilty of a *devastavit*, if he applied the fund to the payment of one debt not entitled to preference, to the exclusion of others. 6 S. & M. 239; 5 Ib. 74; 11 Ib. 438; 1 Cushm. 547; and that as an executor *de son tort* could defend his intermedling with the estate only on the ground that he had done what the rightful executor would be compelled to do, he could not, as that instruction supposes, discharge himself by applying the whole of the assets to one debt, to the exclusion of the others.

*J. S. B. Thatcher* and *Freeman* and *Dixon*, contra,

Cited 13 S. & M. 688; 2 Greenl. Ev. § 343; 2 Saund. Pl. & Ev. 812-815.

HANDY, J., delivered the opinion of the court.

This was an action brought by the plaintiff against the defendant in error, who was charged as executor *de son tort*, of Theodore Lemle, deceased, to recover the amount of a promissory note of the intestate due the plaintiff.

The defendant pleaded, 1st, *plene administravit*: 2nd, *ne unques executor;* upon which issues were joined.

The verdict and judgment being for the defendant, the case is brought here by the plaintiff.

The case appears to have turned in the court below, upon two questions. 1st, Whether certain goods and merchandise, which had been the property of the intestate shortly before his death, were his property at the time of his death, or had been sold by him to his brother. 2nd, If they were the property of the intestate, whether the defendant, under the plea of *plene administravit*, will be discharged from liability to one of the creditors of the intestate, by showing that he applied the assets to the payment of one particular debt of the intestate, leaving others unpaid.

Upon the first point, it is sufficient to say, that the evidence which consists of the testimony of many witnesses, is conflicting; and if that was the only issue involved in the case, we would not feel justified in disturbing the verdict, because in cases of conflicting testimony, and when the issue depends alone upon such testimony, it is the peculiar province of the jury to weigh the testimony, and the verdict should seldom be disturbed in such cases.

But when there are several issues in the case, and the verdict is general, we cannot determine upon which of them the verdict is based; and if it might have been upon an issue upon which there was no material conflict of testimony, and it be erroneous with respect to that issue, that will be good ground for setting it aside, especially if there be erroneous instructions in relation to the law involved in that issue.

We will, therefore, proceed to examine the second proposition above stated, assuming that there was evidence, as the record shows there was, from which the jury might have found that the goods and merchandize in question were the property of the intestate.

The court, at the instance of the defendant, instructed the jury as follows:

That under the plea of *plene administravit*, an executor *de son tort* may give in evidence payment of the just debts of the deceased to any creditors, in the same or any superior degree.

That if the jury believe from the evidence, that the defendant, although he might previously have taken possession of assets of Theodore Lemle, had, at the time of the service of the writ in this case, paid out and expended all of the same, or their full value, in

the liquidation of the legal liabilities of said Theodore Lemle, deceased, they will find for the defendant.

It appeared by the evidence, that after the intestate's death, the defendant had paid a debt of his, amounting to about one hundred and seventy-four dollars, and that the property in his hands, alleged to belong to the intestate, was worth, at least, that sum. The question presented, therefore, is, whether an executor *de son tort* is justifiable in appropriating the assets to the payment of one debt to the exclusion of other debts of the intestate.

The rule is well settled, that an executor *de son tort* is not liable beyond the assets which came to his hands, and that he is protected in all acts, not for his own benefit, which a rightful executor may do. 1 Williams, Ex'ors, 154. And in England he could discharge himself by showing payment of debts of the intestate, in the same or of a superior degree, as a rightful executor would have been justified in making such payment. But there is no authority and there can be no reason, for holding that he is justified in applying the assets to the payment of debts, which the rightful executor would not have been authorized to pay; and, therefore, he would not have been justifiable in England in paying the debts of an inferior degree, in preference to those of a superior degree.

By our law, if there be not assets sufficient to pay all the debts of the deceased, it is the duty of the executor or administrator to apply them rateably to the payment of all the debts, except such as operate as liens and are entitled to preference; and if he pay one debt, not being a lien, to the exclusion of others, he is guilty of a *devastavit*. *Black* v. *Barton,* 6 S. & M. 239; *Randolph* v. *Singleton,* 12 Ib.; *Harris* v. *Fisher,* 5 Ib. 74.

An executor *de son tort* is certainly entitled to no greater indulgence than a rightful executor, and if the latter would be guilty of a *devastavit* by an improper application of the assets to the payment of one debt in exclusion of others entitled rateably to their shares of the assets, the same conduct would render one who had no legal right to intermeddle with the estate an executor *de son tort,* and liable, as such, to other creditors. Otherwise a party who was a mere wrong doer and trespasser upon the estate, would be entitled to greater privileges and protection than a person to

whom the estate was legally entrusted, which would be against all reason. And such a rule would be most mischievous in its tendency, in offering a temptation to individuals to take lawless possession of estates which were insufficient to pay all the debts of the deceased, and by fraud and collusion to apply all the assets to the payment of particular creditors, to the exclusion of all others. Such a course would be most unjust, and entirely subversive of the whole policy of the law in providing for the administration of estates for the benefit of all the creditors.

If a party who has taken possession of the assets of an estate, undertakes to justify himself for his unlawful intermeddling, by showing that he has applied them to the payment of the debts of the deceased, he does so at his peril, and must show that he has applied them in the same manner in which they could have been lawfully applied by the rightful executor; and if it appear that he has paid one particular debt not entitled to preference, leaving others unpaid, he cannot claim that he has done what the law required to be done with the assets, in a due course of administration, but must be liable as an executor *de son tort* to the other creditors.

Under this view of the subject, and with reference to the evidence in the record, the first instruction was too general, and was calculated to mislead the jury; and the second was clearly erroneous.

The judgment is, therefore, reversed, and the cause remanded for a new trial.