## CREED T. ROWLAND v. R. H. DALTON.

1. PLEADING AND PRACTICE: AMENDMENT.—Under the Pleading Act of 1850, the defendant has the right, at any day of the return term, to plead any matter which was a proper defence to the action, although he may have, at a previous day, filed another plea; he also has the right, at that term, to amend his pleadings without leave of the court.

2. SAME: INCONSISTENT PLEAS ALLOWABLE.—A defendant may rely upon any matter which constitutes a valid defence to the action; and as a general rule, it is no objection to a plea that it contains matter inconsistent with the defence set up in any other plea; and hence, a defendant sued as a partner, may plead the general issue which admits the partnership, and may also plead a denial under oath that he is a, partner, as alleged.

ERROR to the Circuit Court of Monroe county.    Hon. Joel M. Acker, judge.

*Dowd* and *Wallace*, for the plaintiff in error,

Cited *Lewis* v. *Black*, 27 Miss. R. 433; *Dent* v. *Coleman*, 10 S. & M. 83; *Wharton* v. *Porter*; Ib. 305; *Stephens* v. *Com. and Railroad Bank of Vicksburg*, 31 Miss. R. 438.

*Henderson* and *Reynolds* and *L. E. Houston*, for defendant in error,

Cited *Peck* v. *Thompson*, 23 Miss. R. 367; *Cook* v. *Martin*, 5 S. & M. 391; *Jameson* v. *Franklin*, 6 How. 376; *State* v. *Farish*, 23 Miss. R. 483; *Friar* v. *The State*, 3 How. 421; 8 S. & M. 805.

SMITH, C. J., delivered the opinion of the court.

This suit was brought, by the defendant in error, against B. W. Brewer and the plaintiff in error, as partners under the firm name of Brewer & Rowland.  The writ which issued in the case was

made returnable to the December term, 1856, and does not appear, from the record, to have been served upon either of the defendants. At the return term, Brewer appealed, and pleaded to the action. No alias writ appears to have been issued; but at the June term, 1857, the plaintiff in error appeared, and pleaded the general issue; and at a subsequent day of the same term, and before the cause was submitted to the jury, filed an additional plea, denying the partnership, which was verified by affidavit. This latter plea was, upon motion of the defendant in error, stricken out. The plaintiff in error then moved the court for leave to amend the pleadings, so as to present fairly the merits of the cause. This application was refused.

And it is now assigned for error, first, that the plea denying the alleged partnership was stricken out; and, secondly, that the plaintiff in error was refused permission to amend the pleadings.

The court erred in both instances. The term at which the pleas were filed,—that is, the June term, 1857,—as to the plaintiff in error, was the return term, the writ not having been executed upon him at the previous term of the court. Hence, under the Pleading Act, then in force, the plaintiff in error had an undoubted right, without leave, to plead; and, of consequence, was entitled to file any plea which was a proper defence to the action. Beyond question, he had the right to amend his pleading; in fact it was the duty of the court, if the pleadings were defective, to order them to be so amended as to bring the merits of the controversy fairly before the court and jury.

It seems probable that the court, in ordering the plea to be stricken out, did not proceed upon the ground that the party had not then the right to plead generally, but upon the ground that the plea ordered to be stricken out, was inconsistent with the plea of the general issue previously filed, which was, in effect, an admission of the partnership as alleged in the complaint. If such, in point of fact, was the principle on which the court acted, without doubt it acted upon an improper construction of the rules of practice in this State. A defendant is entitled to rely upon any matter which constitutes a valid defence to the action; and, as a general rule, it is no objection to a plea, that it sets up, as a defence, matters inconsistent

with those alleged in any other plea. As, for example, a defendant in an action of slander, is entitled to plead not guilty and justification at the same time.

Let the judgment be reversed, and the cause remanded.