B. W. McAlexander et al. v. W. S. Puryear, Adm'r.

1. Practice—verdict—new trial.—It is the province of the court to respond to the law, and of a jury to respond to the facts ; and therefore, the verdict of a jury will not be disturbed unless it be manifest from the whole record that. it was clearly wrong, or unless misdirection or other apparent error may have produced it.

Error to the circuit court of Marshall county. Davis, J.

The opinion of the court contains a full statement of the case.

*Walter & Scruggs,* for plaintiff in error,
Argued at length that the verdict was contrary to the evidence, and that a new trial should have been granted.

*Lawrence Johnson* and *Featherston, Harris & Watson,* for defendant in error.

The court below refused to set aside the verdict, and it will not be disturbed unless the error is very clear.

1. There was no question in the case but of a simple fact—payment. Peck v. Thompson, 23 Miss. 367; Dorr v. Watson, 28 ib. 383; Jenkens v. Whitehead, 1 S. & M. 157; Shrall v. Farmers' and Mechanics' Bank, 8 ib. 305; Skinner v. Collier, 4 How. 396; Min & Hare v. Sproul, 2 How. 772; Kelly v. Miller, 39 Miss. 17.

Especially where there is testimony, outside of the error complained of, to warrant the finding of the jury. 4 How. 396; Garland v. Stewart, 31 Miss. 314; Woods v. Gibbs, 35 ib. 557; also 8 S. & M. 305.

2. New trials rest upon the sound discretion of the court; and the order of the court of original jurisdiction will not be disturbed unless a strong case is made. Dorr v. Watson, 28 Miss. 383; Kelly v. Miller, 39 Miss. 17.

3. Surprise in assailing the credibility of a witness, to constitute a good ground for new trial, must be an undoubted surprise. Not such a case as this at bar, where the witnesses had been under subpœna nine months, and there had been one continuance on account of their absence. Young v. Billups, 23 Miss. 407; Wilson v. Clarke, 27 ib. 270; Dorr v. Watson, 28 ib. 383; Lundy's case, 44 ib. 669.

4. Where the credibility of a witness is assailed in his own county and in his own home, the presumption is that he is always ready to sustain his character.

And where he has offered testimony to sustain his credibility, the omission to offer more, through ignorance or otherwise, would constitute no ground for a new trial, especially if the new testimony proposed would have been merely cumulative, much more if immaterial to any issue.

Same of newly discovered testimony. Testimony

to assail the assailing witnesses would be irrelevant, and could not be admitted. Noel v. McCrory, 7 Cold. (Tenn.) 623; Garrett v. Kirkman, 41 Miss. 94; Philbrick v. Holloway, 6 How. (Miss.) 91.

There being no question of law presented by the record, and the jury having found the facts for the plaintiff in the court below, their verdict will not be disturbed, unless manifestly wrong or clearly against a preponderance of the evidence. See authorities cited above.

PEYTON, C. J.:

W. S. Puryear, as administrator of the goods and chattels, rights and credits of A. A. Puryear, deceased, brought an action of debt in the circuit court of Marshall county, on a promissory note under seal, commonly called a bill single, against B. W. McAlexander and James Pool.

To this action the defendants filed their plea of payment, upon which issue was joined, and the cause submitted to a jury, who found for the plantiff. A motion for a new trial was made, and overruled by the court, and judgment rendered upon the verdict. And hence, the case is brought to this court by writ. of error.

The issue presented a mere question of fact, which it is the peculiar province of the jurty to decide. It is a well established rule, that a verdict of a jury will not be disturbed, unless it is manifest from the whole record that it was clearly wrong, or unless misdirection of the court, or other error apparent on the record, may have produced it.

The judge responds to the law, and the jury to the facts; and where the evidence is conflicting, it is for the jury to weigh it, and give credit to those facts and circumstances which, in their judgment, are entitled to

the greatest consideration, and it is not for the courts in such cases to interfere with their determinations.

For anything appearing in this record, we do not feel authorized to interfere with the verdict of the jury.

*The judgment will be affirmed.*