### EMANUEL PFEIFER VS. W. C. CHAMBERLAIN.

1. CIRCUIT COURT PRACTICE:  *Partnership.  Pleadings.*
   Suit was brought by P. against V. and C., as partners.   Both pleaded the gen-eral issue.   C. afterward filed a special plea, under oath, denying the partner-ship.   A motion was made to strike out this plea because it was filed without leave of the court.   *Held,* that it is too late to raise the question for the first time in this court that the plea was filed without leave of the court; the point should have been raised in the court below, when the court could have granted the leave *nunc pro tunc,* the motion sustained, and the plea be refiled by leave of the court.

2. SAME:  SAME:  *Evidence of partnership.*
   The evidence adduced to prove a partnership between parties in business or trade are questions of fact to be passed upon by the jury, under the instruc-tions of the court, and where the questions are fairly presented to the jury upon conflicting testimony, and by them determined, this court will not dis-turb their verdict.

ERROR to the Circuit Court of *Lincoln* County.

Hon. J. M. SMILEY, Judge.

The facts of the case are sufficiently stated in the opinion, together with the substance of the pleadings, etc.

The substance of the errors assigned are :

1. Overruling motion to strike out special plea.
2. Excluding testimony of plaintiff.
3. Instructions to the jury.
4. Overruling motion for a new trial.

*Chrisman & Thompson,* for plaintiff in error :

The plea of general issue admits the partnership. 5 S. &. M., 379 ; 6 How., 376 ; 23 Miss., 367. The case to the contrary (36 Miss., 702) is based on pleading act of 1850, and is no authority. See 12 S. &. M., 449. The special plea should have been stricken out. 11 S. &. M., 411 ; 12 S. &. M., 449 ; 44 Miss., 306. It was error to instruct the jury that, before plaintiff could recover, '' he must show by proof, to their satisfaction, that Chamberlain was a partner of Van Zandt.'' 5 S. & M., 335 ; Pars. on Part., 68. See Pars. on Part., p. 6 ; Kent's Com., p. 23.

*Sessions & Cassidy*, for defendant in error :

The motion to strike out the special plea was properly overruled. Rowland *v.* Dalton, 7 George, 702. It was competent for the court to grant leave to file the plea. Code, 1871, § 597. The evidence did not show Chamberlain to have been a partner. 3 Kent, 18–25 ; 1 Pars. Con., 147. He never held himself out as a partner. See Davis *v.* Richardson, 45 Miss., 506 ; Prince *v.* Crawford, 50 Miss., 357.

CHALMERS, J., delivered the opinion of the court :

Pfeifer brought suit against Van Zandt and Clamberlain as partners. They both pleaded the general issue. Subsequently Chamberlain filed a special plea, denying the partnership under oath, which plea plaintiff moved to strike out. The court overruled the motion, and its action in refusing to strike out the plea is assigned for error. There was no error in this, as is expressly decided in Rowland *v.* Dalton, 36 Miss., 702. It is true that this case was decided under the pleading act of 1850, but so much of the decision as relates to the question at issue was not based upon that statute, but upon the general law of pleading as established in this state, under which it is said to be admissible to plead several distinct, and even inconsistent, pleas to the same cause of action.

It is insisted in this court that the plea should have been stricken out because filed without leave of the court. No such point seems to have been made in the court below. We must

presume that the leave was granted, or at least that the failure to obtain it was not then insisted on. This we think follows from the refusal of the court to strike it out. Nor will this conclusion be found inconsistent with some decisions heretofore made, in which it was held that the leave to file must appear affirmatively of record. Pool *v.* Hill, 44 Miss., 306, and cases there reviewed. In none of these cases was there a motion to strike out because of failure to obtain leave, and the motion overruled by the circuit court. The motion in the case at bar, in the lower court, was to strike out the plea denying the partnership, erroneously styled by counsel a plea *in abatement*, upon the grounds that such plea could not be pleaded after a plea of the general issue.

The court properly overruled the motion on this ground: If this action of the court cannot be considered as of itself amounting to leave to file the plea, it is certainly too late to insist, in this court, that the plea should have been stricken out because of the absence of such leave.

Had this ground been urged in the court below the leave could have been granted *nunc pro tunc*, or the motion might have been sustained and the plea subsequently refiled.

Appellee was sued as a partner of Van Zandt in the lumber business. The proof develops that they were rather manufacturers of lumber on shares than partners. The debt sued on was contracted by Van Zandt alone, upon written orders given to the mill hands, signed in his individual name, and was charged by plaintiff to Van Zandt & Chamberlain without authority, there being, in truth, no such firm.

The case falls fairly within the cases of Davis *v.* Richardson, 45 Miss., 506 ; Cooper *v.* Frierson, 48 Miss., 309 ; Prince *v.* Crawford, 50 Miss., 357. The question as to whether Chamberlain had held himself out as a partner, and thereby made himself liable to third persons, was fairly presented to the jury, under instructions correctly announcing the law, upon testimony somewhat conflicting, and by the jury determined in the negative. We are not disposed to disturb their verdict.

Judgment affirmed.