### BEN SKINNER *v.* THE STATE.

1. JURY. *Empanelled, how. Duty of judge.*
   Where the jury is accepted by the accused, and no objection is made by
   him, the failure of the judge to examine the jurors as to their pre-
   scribed qualifications as jurors will not render the jury illegal, or
   cause their verdict to be set aside.

2. SAME. *Competency of juror. Opinion.*
   In a case of felony a proposed juror who, on his *voire dire*, states that
   he heard the killing talked of by several persons at the time it
   occurred, but does not think he formed or expressed an opinion as to
   the guilt or innocence of the prisoner, is not on that account incom-
   petent as a juror.

3. SUPREME COURT. *Practice as to setting aside verdict.*
   In a case of felony, where the testimony is conflicting and there is evi-
   dence sufficient to support the verdict of guilty as charged, this court
   will not disturb it, although the jury might, without being censurable,
   have acquitted.

ERROR to the Circuit Court of Rankin County.

Hon. A. G. MAYERS, Judge.

Ben Skinner was indicted for the murder of Taylor Brown,
tried by a jury and convicted of manslaughter. A motion for
a new trial was made and overruled. The defendant took a
bill of exceptions, and on being sentenced to four years' im-
prisonment in the penitentiary brought the case to this court.
The bill of exceptions recites, —

" The special *venire facias* in this cause being returned into
court, J. L. Gaddis was by the court examined, the court
asking him the following question: ' Have you formed or

expressed an opinion as to the guilt or innocence of Ben Skinner, charged with the murder of Taylor Brown?' to which said Gaddis replied in the negative; and he was thereupon tendered to the State and to the defendant without further questioning him by the court as being a competent juror, and the said Gaddis was selected and empanelled as one of the jurors in said cause. Ten others of the *special venire* aforesaid were separately put upon the *voire dire;* each was asked the same question which had been asked Gaddis, and each made the same answer, when they were respectively tendered to the State and the defendant as being competent jurors, and were selected and empanelled.

"Henry Bibb was called, and, being put upon his *voire dire,* was asked by the court if he had formed or expressed an opinion as to the guilt or innocence of Ben Skinner, charged with the murder of Taylor Brown. He answered, 'I don't think I have.' Bibb was then tendered by the court to the State and to the defence as being a competent juror. Counsel for prisoner asked Bibb if he did not know whether he had formed or expressed an opinion about the killing. He answered that he had heard the killing talked of by several parties at the time, but did not think that he had formed or expressed an opinion as to the guilt or innocence of prisoner. Counsel for the defendant objected to Bibb as being incompetent; which objection was by the court overruled, to which the defendant excepted. Bibb was thereupon sworn and empanelled as one of the jurors in said cause. The defendant had not exhausted his challenges."

The evidence for the State was in substance that Skinner, the accused, and Brown, the deceased, whom Skinner had called out of his house, were quarrelling about their mules depredating on each other's crops, when some gentlemen came up and pacified them. After fifteen minutes, when Skinner was walking away, Brown asked the gentlemen to come and see how Skinner's mules had injured his crop. Skinner said, "Your mules have injured my crop as much as mine have injured yours." Brown replied, "You are a G—d-d—d liar," and advanced on Skinner, when they clinched and fell, and a pistol was fired. Brown said, "Why did you shoot me?"

Skinner replied, " If you hadn't bit my ear, I would not have shot you." One witness testified he thought he saw Brown biting Skinner's ear when the latter fired; another, that it was bit afterwards. The defendant introduced one witness, who testified in substance that Brown renewed the difficulty after it had been settled, cursed Skinner, advanced on him, and struck him; that Skinner closed a knife which he had open, and put it in his pocket, and backed, apparently wanting to avoid a difficulty. That after Brown was shot, and on the same evening, he stated that he was going to die, disposed of his effects, and stated at the same time that Skinner was not to blame, and he (Brown) had brought it on himself. The rest of the witness's testimony was the same as that for the State.

No point is made on the instructions. The plaintiff in error assigns the following as error : —

1. The empanelling and qualifications of the jurors.

2. The verdict of the jury was unwarranted by the testimony.

*Robert Lowry*, for the plaintiff in error.

1. The court erred in not seeing to it that the eleven jurors first empanelled were qualified. That they had not expressed an opinion on the case, was but a small part of the qualification necessary in a juror. The duty rests on the court to empanel none but men above all exception. *Lewis* v. *State*, 9 S. & M. 115; *Sam* v. *State*, 13 S. & M. 189; *McCarthy* v. *State*, 26 Miss. 302; *Marsh* v. *State*, 30 Miss. 627; *Head* v. *State*, 44 Miss. 731.

2. The verdict was wrong on the evidence. To deprive one of an ear, or mutilate or disfigure one's ear, is a felony. Code 1871, § 2710. The danger of great personal injury was imminent, and the act of the accused was justifiable in the defence of himself. *Head* v. *State*, 44 Miss. 754. Brown, in his dying declaration, acquitted the prisoner of all blame, and said he had brought it on himself. The assault of Brown was violent, and the prisoner retreated, and did not shoot until the alternative was forced on him to shoot his assailant or suffer the mutilation of his ear. The preponderance of evidence is against the verdict, and in such circumstances it ought to be set aside. 1 Greenl. Evid. § 537; *Cicely* v.

*State*, 13 S. & M. 202; *Logue* v. *Commonwealth*, 38 Penn. St. 265.

*G. E. Harris*, Attorney-General, for the State.

1. The jury was properly empanelled. Const. art. 1, § 13 ; Rev. Code 1871, §§ 724, 736, 737, 740, 743, 2843 ; *George's Case*, 39 Miss. 591 ; *Williams* v. *State*, 37 Miss. 410. The juror Bibb was competent. *Lee* v. *State*, 45 Miss. 114.

2. This case, on the facts, does not amount to murder, nor can it be reduced below manslaughter. *Gibson's Case*, 38 Miss. 298 ; *Price's Case*, 37 Miss. 531 ; *Preston's Case*, 27 Miss. 383. Testimony is in the case sufficient to sustain the verdict, and unless it is *manifestly* wrong this court will not disturb it.

CAMPBELL, J., delivered the opinion of the court.

The plaintiff in error was put on trial for murder. A special *venire facias* had been executed, and those summoned as jurors were separately and severally examined by the presiding judge, whether they had formed or expressed an opinion as to the guilt or innocence of the accused ; and each one who answered in the negative was tendered to the State and accused as a competent juror, without having been asked by the judge as to age, citizenship or residence. The jury was selected by the State and prisoner from persons thus examined and tendered as jurors. It does not appear, and is not urged, that any of the jurors lacked the legal qualifications of a juror, but it is insisted that it was error for the judge to fail to examine the jurors as to their possession of the prescribed qualifications for jurors, and that because of such failure the jury accepted by the State and accused was illegal, and their verdict should be set aside. We cannot accept this view as correct. The judge was not bound to ask any questions at all of the special *venire* men. Having been drawn from the jury-box provided for by law and found and summoned, they must be presumed to have had the prescribed qualifications of jurors. It was the privilege of the accused to examine all who were tendered to him, as to their ages, places of residence, citizenship, and freedom from any bias of opinion or prejudice. If he failed to do this, he cannot successfully complain that it was not done.

During the selection of the jury special objection was made to one Bibb, as incompetent. This objection was overruled, and properly, we think.

The only other ground for reversal urged upon us by the learned counsel for the plaintiff in error is, that the verdict is not supported by the evidence in the case. We think the jury might have found a verdict of not guilty, and not have been censurable for it; but, under settled rules, we do not feel warranted in disturbing the verdict on this ground.

*Judgment affirmed.*