STATE OF MISSISSIPPI et al. *v.* R. B. RIALS et al.

**Pleas — Statutory Requirements — Filing.**

> The statute requires that defendant shall plead on or before the second day of the return term and that issue of fact shall be made up and joined at that term, and ready for trial at the next succeeding term; but a large discretion is vested in the circuit judge in the matter.[1]

**Same.**

> At the second term of court after suit brought, a cause is tried two weeks after filing pleas; motion is made to strike out the pleas, and disposed of, and the court offered to continue the cause of action several days before the trial. *Held*, that there was no abuse of discretion in the action of the court, and the plaintiffs were not prejudiced thereby.

The statement of the facts in this case are found in the opinion.

APPEALED from Circuit Court, Copiah county, T. J. WHARTON, Judge.

Affirmed, February 23, 1885.

*Attorney for appellant, Joe Purser.*

*Attorneys for appellee, W. P. & J. B. Harris.*

Brief of Joe Purser:

The pleas in this case were filed without leave of court, and the motion of plaintiff to strike them out should have been sustained by the court.    \*    \*    \*

This court, in Pool *v.* Hill, 44 Miss. 306, construed section 1703, Revised Code of 1880, and the court held " the rule or otherwise " referred to in said section did not extend beyond the term.

---

[1]

The Circuit Court has power, before judgment rendered, to allow a defendant to plead out of time where a reasonable excuse is offered. (Pool *v.* Hill, 44 Miss., explained.)    McAdory *v.* Turner, 56 Miss. 666.

Although leave to plead out of time must affirmatively appear of record, where the point has not been made in the lower court, it is too late to urge in the Supreme Court that a special plea was filed without leave, and, therefore, should have been stricken out.    Pfeifer *v.* Chamberlain, 52 Miss. 89.

It is perfectly plain from this that before defendants could be allowed to file their plea at a term subsequent to the appearance term, they must have had an order made giving them time. \* \* \*

In 56 Miss. 666, the court held that defendant might plead out of the proper time by showing good reasons for having not plead in time. But in the case at bar the defendants not only fail to give a reasonable excuse for not having plead in time, but plaintiff showed that defendant was utterly without any excuse. The mere statement of counsel that the practice has prevailed here to plead any time up to the time of trial should not have any weight with the court. The only answer we make to the statement relative to the practice is that a plain statutory provision will surely prevail with this court over mere practice or custom. \* \* \*

Brief of W. P. & J. B. Harris:

The court below had a right to allow the defendants to file their plea when it was filed, and did not err in overruling plaintiff's motion to strike out the plea. Until judgment, the court had control of the matter, and could, upon sufficient cause shown, allow defendants to plead out of time. Pfeifer *v.* Chamberlain, 52 Miss. 91; McAdory *v.* Turner, 56 Miss. 666.

These authorities are directly in point. Hodge *v.* Darden, 51 Miss. 200.

The suggestion by counsel for appellants that leave of the court should have been first obtained is without force. The point was not raised in the court below. Pfeifer *v.* Chamberlain, *supra.*

On the hearing of the motion appellees proved the custom of the bar to be to file pleas at the trial term.

Appellants were in no way prejudiced or injured by the action of the court. The case was not tried for some time after the court overruled the motion to strike out the plea, and besides the court offered to give appellants a continuance which he refused and announced himself ready for trial. \* \* \*

OPINION.— ARNOLD, J., delivered the opinion of the court:

This was a suit against Rials and his sureties on a retail liquor bond. The breach of the bond, alleged in the declaration, was that Rials had sold and given away vinous and spirituous liquors

to a certain minor contrary to law. At the term of the court to which the writ was made returnable, the death of Rials was suggested and the cause continued with leave to revive in the name of his personal representative when known. At the next term of the court, the sureties on the bond filed two pleas, and a motion was made to strike them out and for judgment for the plaintiffs on the ground that the pleas were filed out of time and that the second plea was frivolous. The motion was sustained as to the second plea, but overruled as to the first, and at the same term the cause was tried and resulted in a judgment for the defendants and the plaintiffs appealed.

The errors insisted on here are that the court erred in refusing to sustain the motion to strike out the pleas and in overruling the motion for a new trial. The statute requires that the defendant shall plead on or before the second day of the return term, and that issue of fact shall be made up and joined at that term and ready for trial at the next succeeding term, but a large discretion is vested in the circuit judge in the matter. McAdory v. Turner, 56 Miss. 666; Pfeifer v. Chamberlain, 52 Miss. 89.

As the cause was tried at the second term of the court after suit brought but not until more than two weeks after the pleas were filed, and not until several days after the motion to strike out the pleas was overruled, and as the court, after the motion to strike out was disposed of, offered to continue the cause, if plaintiffs desired to do so, it does not appear how the plaintiffs were prejudiced by the action of the court or that there was any abuse of discretion in the action of the court. There is no error in the record.

*Affirmed.*